## W. E. Frazier v. The State.

### No. 6950.  Decided January 24, 1923.

**1.—Theft—Continuance—Testimony Untrue.**

Where the record showed that if the alleged witnesses had been present and testified as claimed that they would do, the other evidence disclosed by the statement of facts makes apparent the falsity of their proposed testimony, there was no error in overruling the application for continuance.

**2.—Same—Evidence—Other Supporting Evidence.**

In view of the fact that a certain witness testified positively, identifying both defendant and his companion as having been in the store together from which the alleged property was taken, and the fact that other witnesses saw them go out of the store together would not render the testimony of the witness that she did not see the defendant or his companion while in the store, etc., hurtful.

**3.—Same—Charge of Court.**

Where, upon trial of theft, the objections directed to the charge of the court, were correctly overruled, there was no reversible error.

**4.—Same—Verdict—Judgment—Sentence—Practice on Appeal.**

Where defendant was tried for theft, and not for receiving and concealing stolen property, and the verdict specifically found defendant guilty of theft under this count of the indictment, but the judgment and sentence failed to follow the verdict, the same will be corrected in this court so as to conform to the verdict.

Appeal from the District Court of Ellis.  Tried below before the Honorable W. L. Harding.

Appeal from a conviction of felony theft; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

C. L. *Stone,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for the theft of property of more than fifty dollars in value, punishment being assessed at confinement in the penitentiary for a term of five years.

Frank Rodgers was manager of the drygoods store of Cheeves Bros. & Company, Waxahachie, Texas.  Appellant was charged with having stolen two ladies coat suits from said Rodgers.  On the day of the alleged offense Mrs. Woodruff, who had charge of the ladies' "ready to wear" department in said store, discovered appellant and a woman, who was afterward identified as Peggy Frazier in the store, appellant sitting in a chair with a raincoat near him on a table.  Peggy Frazier was looking through the ready to wear suits on the rack.  Mrs. Woodruff inquired of her if she desired to purchase anything but was told that she was only waiting for her people who were in the store. Some twenty or thirty minutes later Mrs. Woodruff again approached

her and asked the same question and received the same reply. She later observed appellant and the woman Peggy Frazier going out of the store together and noticed that appellant had a bulk of something under his rain-coat. She followed them to the door and after reaching the sidewalk appellant and Peggy Frazier separated, he running across the street and up an alley. The witness Alderdice noticed appellant walking at a fast gait, seeming to be in a hurry, passing through an alley and observed something hanging from under the rain-coat which looked like a tassel or fringe of a dress. Appellant's action excited this witness' suspicion and he reported the matter to the city marshal, and they followed appellant and found him in the cemetery. When Alderdice first noticed him he had on his coat. When they found him at the cemetery he had taken his coat off and had it and the rain-coat both on his arm and was walking back toward town at that time. He was hot and had been running. Two other witnesses saw a man answering the description of appellant pass through the cemetery with a rain-coat over his arm and saw him go to a hedge and crawl under it. After the man left these two witnesses went to the hedge and found covered up under some straw two ladies dress suits, which they returned to the officers and which were afterward identified by Mrs. Woodruff and Mr. Rodgers as having been taken from the store.

There are only three bills of exception in the record. Appellant filed an application for a continuance for three witnesses, setting out therein the evidence he expected to elicit from them. We deem it unnecessary to set out in detail what the purported testimony was expected to be. In approving the bill the court does so with the following qualifications: "After hearing the testimony in the case, the court was of the opinion that the facts which it was claimed in the application for continuance could be proved by said witnesses were untrue." We think from an examination of the facts there can be no question as to the correctness of the conclusion reached by the trial judge. If the witnesses had been present and had testified as claimed they would do, the other evidence disclosed by the statement of facts makes apparent the falsity of their proposed testimony. Under such circumstances there was no error on the part of the court in overruling the application.

The witness Rodgers testified: "I did not see the defendant or the woman I understand was with him while they were in the store, but did see the woman up on Jefferson Street when Mrs. Woodruff went up there with me. Mrs. Woodruff first called my attention to the fact some one had taken the goods out of the store, and pointed out where the woman was and I went out to where she was."

Appellant objected to that portion of the testimony of witness Rodgers in which he used the following expression: "I did not see the defendant or the woman I understand was with him while they were

in the store." And also to that part where he says: "Mrs. Woodruff first called my attention to the fact some one had taken the goods out of the store," etc. In view of the fact that Mrs. Woodruff testified positively identifying both appellant and Peggy Frazier as having been in the store together under the circumstances heretofore detailed, and the fact that other witnesses saw them go out of the store together, would not render the testimony hurtful to appellant even if inadmissible.

The only other exception presented in the record is an objection to the court's charge. We have examined same and can find no error therein. The objection is directed to that portion of the charge in which the jury are told that if appellant "either alone, or acting with one Peggy Frazier, did fraudulently take from the possession of Frank Rodgers," etc. Under the facts disclosed by the record this charge occurs to us to have been appropriate and not objectionable. There were two counts in the indictment, one charging theft, the other receiving and concealing stolen property. Only the count for theft was submitted to the jury and they were instructed to disregard the second count. The verdict specifically found appellant guilty under the first count in the indictment, which charged theft. We observe that the judgment and sentence failed to follow the verdict in that the judgment condemns appellant to be guilty of both the offense of theft and also of receiving stolen property, and the sentence follows the judgment. Under the charge of the court there is no ambiguity in the verdict, and the judgment and sentence will be corrected so as to conform to the verdict and adjudge appellant to be guilty of theft only, and the clerk of this court will correct this sentence and judgment accordingly. With this correction the judgment of the trial court is affirmed.

*Affirmed.*