### Ex Parte L. L. Slaughter.

#### No. 6871.   Decided May 31, 1922.

**Motor Vehicle—Public Highway—Validity of Statute—Penal Code.**

Where appellant was convicted of a violation of that part of Section 820-o, Vernon's Texas Statutes, 1920, wherein it is forbidden that any person shall operate or drive a motor vehicle on any public highway where the territory contiguous thereto is closely built up, at a greater rated of speed than eighteen miles per hour, and by habeas corpus attacked the validity of said statute, held, on appeal, that the same is too indefinite for enforcement, under Article 6, Penal Code, and the relator is discharged.

Appeal from the County Court of Smith.   Tried below before the Honorable D. R. Pendleton.

Appeal from a conviction of violation of highway statute; penalty, a fine of $1.

The opinion states the case.

*Simpson, Lasseter & Simpson,* for appellant.—Cited: Ex Parte Leslie, 223 S. W. Rep., 227; State v. Ry. Co., 165 S. W. Rep., 892.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—The appellant herein was convicted in the County Court of Smith County of a violation of that part of Section 820-o, Vernon's Texas Statutes 1920, wherein it is forbidden that any person shall operate or drive a motor vehicle on any public highway "where the territory contiguous thereto is closely built up, at a greater rate of speed than eighteen miles per hour." By habeas corpus an attack is made upon the validity of said statute. We have devoted much time to the consideration of this matter because of the fact that,

while only entailing a small fine upon appellant, there is involved the grave question of the use of a public highway, with the concomitant question of the need for safeguards and restrictions for those who use and go upon them. Further than to decide the matter before us under well settled rules of construction, we are not allowed to go. The Constitution confides to another branch of government the expression by written statute of what may or may not be done by any person in a given case; and this court always approaches a review of the proposition that any law is not of legal sufficience, with reluctance. The issue in the case before us resolves itself into whether one operating a car upon a public highway may with reasonable certainty know that the rate of speed at which he is moving at a given point on such highway, is such as is forbidden by this law. If he can know this, the law should be upheld. If he cannot, then the law should not stand on the statutes, nor should any law whose language or effect is such that the citizen affected thereby cannot reasonably know when he is violating or about to violate same.

Art. 6 of our Penal Code is as follows: "Whenever it appears that a provision of the penal law is so indefinitely framed or of such doubtful construction that it can not be understood, either from the language in which it is expressed, or from some other written law of the state, such penal law shall be regarded as wholly inoperative."

Construing the language of Article 820-o in the light of this general statute and of Section 10 of Art. 1 of our Constitution which guarantees to every citizen the right to know the nature and character of the accusation against him, we pass to an analysis of the language of the law which is attacked.

The expression "territory contiguous thereto," referring to a highway, might with reason be held to refer to the land lying immediately upon or adjacent to such highway, but the other expression in said statute relating to such territory, i. e. "closely built up," seems to us unavoidably open to the objection that it is of such doubtful construction and is so indefinite as to make impossible any standard of construction which might be applied to his own acts, by the operator of a motor vehicle, or to such acts by a judge or jury called upon to decide whether such operator has offended against this law. What definition should be given to the expression under discussion,—would likely be answered by as many different standards as might make up the number of those to whom such inquiry be referred. Does one house to a block, or two houses to every three hundred feet, or four houses to every quarter of a mile of such adjacent territory, measure up to the proposition of "thickly built up?" Doubtless the city driver of the car, or the city judge or juror trying the case, would make answer as to what was territory thickly built up widely different from such person if he happened to hail from a village, and probably the definition given by the latter would not agree with that of a per-

son who dwelt in the populous rural district, nor his definition with that of the man who felt himself crowded by neighbors a few miles distant.

In Griffin v. State, 86 Texas Crim. Rep., 498, quoting from Tozer v. United States, 52 Fed., 919, we approved the following: "But, in order to constitute a crime, the act must be one which the party is able to know in advance whether it is criminal or not. The criminality of an act cannot depend upon whether a jury may think it reasonable or unreasonable. There must be some definiteness and certainty."

Other applicable authorities are cited in the Griffin case. In M. K. & T. Ry. Co. v. State, 100 Texas, 424, Judge Brown, speaking for our Supreme Court, said: "A penal statute such as now before us must be couched in such explicit terms that the party upon whom it is to operate may, with reasonable certainty, ascertain what the statute requires to be done, and when it may be done, otherwise there would be no opportunity for a person charged with the duty to protect himself by the performance of it according to the law. (Suth. Stats. Const., sec. 324, Potter's Dwaris, 246-251."

The question recurs: How can one operating a motor car know or determine that that part of the highway on which he is, is thickly built up? Without some judicial, or legislative definition, construction or interpretation of the expression "thickly built up," it is clear that such operator cannot know or answer to himself, the question. If this court should attempt to say that by such expression is meant territory where houses are within so many feet or yards of each other, or that one rule should apply in a village, town or the resident portion of a city, where there are so many houses to the block or square, and that a certain rule should obtain in the country where houses are located at such and such distances apart,—we would thus be usurping legislative functions, which we are forbidden to do and must decline to do. There are many authorities cited by the cases above mentioned, and a discussion of these would not seem to us to make plainer the failure of the statute under consideration to comply with the rule contained in Art. 6, supra, nor with the general requirement that a law must be written in such intelligible terms as to apprise every citizen of the nature and character of an act thus made penal, with sufficient certainty to enable him to avoid the doing of it. Ex parte Leslie, 87 Texas Crim. Rep., 476, 223 S. W. Rep., 227; United State v. Capital Traction Co., 19 Am. Cas., 68; Russell v. State, 88 Texas Crim. Rep., 512, 228 S. W. Rep., 566; Sutherland Statutory Construction, Sec. 322; Cook v. State, 26 Ind., 278.

Believing the law obnoxious to the rules mentioned, we are constrained to hold that relator's contention is sound, and it is ordered that he be discharged.

*Relator discharged.*