Tom Dockery v. The State.

No. 6628.   Decided January 10, 1923.

**1.—Fire Escape—Hotel Building—Constitutional Law.**

Where, upon trial of failure to erect a fire escape upon a hotel building of three or more stories under the Act of the Thirty-fifth Legislature.

Chapter 140, it is plain from said law that no citizen in this State can know from the statutes what he may place on his building in the way of a fire escape, but on the contrary the State Fire Marshal must prepare and in some way promulgate specifications of each type of fire escape contemplated by the statute, the same is too indefinitely framed to be operative.

**2.—Same—Delegation of Legislative Power—Constitutional Law.**

Section 28, Article 1, of the State Constitution forbids the delegation of law-making power by the Legislature, and where an attempt is made in the above law to delegate to the State Fire Marshal the power to so make, or unmake or change the element necessary to give effect to this statute the same is obnoxious to the above section and article of the Constitution.

**3.—Fire Escapes—Fire Marshal—Statutes Construed.**

Specifications for fire escapes prepared and promulgated by the State Fire Marshal are not written in the law of the land, and this court is unable to perceive how they can otherwise be entitled to obedience, or citizens be made penally liable for failure to conform to the same.

**4.—Constitutional Law—Statutes Construed.**

This court finding itself unable to assent to the proposition that the above law conforms to the constitutional requirements, being firmly convinced that it is obnoxious thereto, and in conformity with other decisions of this court, the judgment of the trial court will be reversed and the prosecution ordered dismissed. Following Griffin v. State, 218 S. W. Rep., 494, and other cases.

Appeal from the County Court of McLennan. Tried below before the Honorable Giles P. Lester.

Appeal from a conviction for failure to erect a fire escape, etc.; penalty, a fine of $100.

The opinion states the case.

*G. W. Barcus,* and *Huggins, Kayser & Liddell,* for appellant.—On question of unconstitutionality of statute: Griffin v. State, 218 S. W. Rep., 494; Cogdell v. State, 193 id., 675; Augustine v. State, 52 id., 77; Jannin v. State, 51 id., 1126.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited: Palmer v. State, 141 S. W. Rep., 109.

LATTIMORE, JUDGE.—Appellant appeals from conviction in the County Court of McLennan County for failure to erect a fire escape, upon a hotel building of three or more stories in height in accordance with the provisions of Chapter 140, Acts Regular Session, Thirty-fifth Legislature, 1917.

The information under which conviction was had is as follows:

"Tom Dockery . . . did then and there unlawfully fail, refuse and neglect to erect one fire escape on the building situated at No. 120 North Sixth Street in the City of Waco, McLennan County, Texas, known as the Savoy Hotel Building, the same being then and there a

building more than three stories in height, and being then and there used as a hotel, and for hotel purposes and being then and there without adequate fire escape, he, the said Tom Dockery being then and there the owner of said building and entitled to the beneficial use, rental and control thereof, he, the said Tom Dockery having theretofore, by the State Fire Marshal. been  served with written notice to erect one adequate fire escape, said written notice so served, being in words and figures, substantially as follows, to-wit:

OFFICIAL NOTICE TO ERECT FIRE ESCAPE
Office of State Fire Marshal,
Austin, Texas.
Waco, Texas, September 6, 1918.

Mr. Tom Dockery,
    Waco, Texas.
Dear Sir:

By virtue of the authority vested in me by Chapter 140, Acts of the regular session of the Thirty-fifth Legislature, and pursuant to the provisions thereof, you are hereby notified to erect 1 fire escape on the building situated at No. 120 N. 6th Street, in Waco, Texas, and occupied as Savoy Hotel.

Said escape shall be erected within 90 days from the date of this notice, and shall be the equivalent of an escape erected according to the minimum specifications promulgated by the State Fire Marshal, under the provisions of the law above cited.  For your information, a copy of said law and of the specifications promulgated thereunder are herewith enclosed.

Very truly yours,
    S. W. English, State. Fire Marshal,
    Dan Nicholson, City Fire Marshal,
    J. R. Meers, Chief of Fire Department.

against the peace and dignity of the State."

The constitutionality of the Act under which the conviction was had is assailed.  Section 1 of said Act makes it the duty of the owner to erect on buildings described, an "adequate fire escape."  Section 2 defines an adequate fire escape and is as follows:

"An adequate fire escape, provided for in Section One (1) of this Act, is defined to be a concrete stairway, an iron or steel stairway, an iron or steel straight chute, or an iron or steel spiral chute, each type of which may be constructed of other fireproof material of equal strength, and may be erected on the exterior or interior of any building requiring fire escapes.  It is hereby made the duty of the fire marshal of the State Fire Insurance Commission, who for convenience will be referred to herein as the State Fire Marshal, to prepare and promulgate minimum specifications for the construction and erection of each type of fire escape authorized by this Act, which specifications

shall be based upon a working stress of not less than sixteen thousand pounds to the square inch for steel, twelve thousand pounds to the square inch for wrought iron, and seven hundred pounds to the square inch for concrete; provided, that specifications for interior fire escapes shall require that they be enclosed with non-combustible material, and that all door and window openings be properly protected with self-closing, fire-proof shutters, and that all stairway escapes, interior and exterior, be continuous and suitably connected with the roof of the building. No fire escapes shall be approved as complying with the provisions of this Act the material and erection of which are not at least the equivalent of the minimum specifications promulgated by the State Fire Marshal as herein provided."

Section 5 makes it the duty of the State Fire Marshal to serve written notice upon the party whose duty it is to erect such fire escape, when any building is found of the description named in Section 1 and upon which fire escapes have not been erected in accordance with this act, which notice shall specify the time within which such fire escape shall be erected. Section 6 penalizes any person who fails, neglects or refuses to comply with the provisions of this act.

From the above it is plain that no citizen in this State can know from the statutes what he may place on his building of three or more stories, in the way of a fire escape, but on the contrary, the State Fire Marshal must prepare and in some way promulgate specifications of each type of fire escape contemplated by the statute above referred to. The real test to be applied in any given case in determining the guilt of one prosecuted for a violation of this law, would necessarily be: "Have you a fire escape made in accordance with the specifications promulgated by the State Fire Marshal? If you have not the law has been violated." The meat of this law is not to compel one to have a fire escape, but that all must have them built according to specifications *which are not written in the law,* but which must be prepared and published by another than the law-making body.

Section 28, Article 1 of our Constitution forbids the delegation of law-making power by the Legislature. We discussed this at some length in Adloff v. State, 86 Texas Crim. Rep., 13. If the Act under discussion be upheld, it would seem clear that the law requiring fire escapes would be such as that the essential part of it, i. e., the kind and character of specifications necessary, might be changed, modified. added to or taken from by a power other than the Legislature, at the will, wish or whim, of such foreign power. Indeed, if the Fire Marshal declined to promulgate specifications it might be that the entire law would be rendered futile. The statement of the case seems to make self-evident the proposition that the law under discussion is an attempt to delegate to the State Fire Marshal the power to so make, unmake or change the element necessary to give effect to this statute, as to render the Act obnoxious to the Constitution.

Specifications for fire escapes prepared and promulgated by the State Fire Marshal are not written in the law of the land, and we are unable to perceive how they can otherwise be entitled to obedience, or citizens be made penally liable for failure to conform to same. Granting the utmost good faith to said officer, what is there to prevent him from promulgating one specification for one city and another for a different city; one specification for hotels, another for office buildings, yet another for picture show buildings, and another for rooming houses. What appeal would there be from specifications made by him? An attack upon such specifications would be no attack upon a law, for they do not form a part of any law. In other words, instead of being able to know what the law with reference to fire escapes might be, by an examination of the written statutes of the State, the citizen who wishes not to offend would be compelled to make application to the Fire Marshal and accept the specifications sent him by said officer and erect his fire escape in accordance therewith.

Article 6 of our Penal Code provides that if a provision of a penal law is so indefinitely framed or is of such doubtful construction that it cannot be understood, either from the language *in which it is expressed,* or from some other *written law of the State,* such penal law shall be regarded as wholly inoperative.

Article 1 of the Penal Code declares that the design of this Code is to define in plain language every offense against the laws of this State, and to affix to each offense its proper punishment.

Finding ourselves unable to assent to the proposition that this law conforms to the constitutional requirements, being firmly convinced that it is obnoxious thereto, and in conformity with other decisions of this court, the judgment of the trial court will be reversed and the prosecution ordered dismissed. Griffin v. State, 86 Texas Crim. Rep., 498, 218 S. W. Rep., 494; Ex parte Slaughter, 92 Texas Crim. Rep., 212, 243 S. W. Rep., 478; Cogdell v. State, 193 S. W. Rep., 675; Jannin v. State, 42 Texas Crim. Rep., 631, 51 S. W. Rep., 1126; Augustine v. State, 41 Texas Crim. Rep., 59, 52 S. W. Rep., 77.

The judgment of conviction will be reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*