EX PARTE P. A. WILMOTH.

No. 15789.   Delivered March 1, 1933.
State's Rehearing Denied January 31, 1934.
Reported in 67 S. W. (2d) 289.

LATTIMORE, Judge, dissenting on motion for rehearing.

The opinion states the case.

*Leonard Brown* and *Kilday & Howard,* all of San Antonio, for appellant.

*T. D. Cobbs, Jr.,* City Atty., *W. C. Davis* and *Jack Davis,* Asst. City Attys., and *C. K. Quin,* all of San Antonio, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Appellant was convicted in the corporation court of the City of San Antonio for violating a city ordinance, and a fine of twenty-five dollars assessed. Under a capias pro fine he was taken into custody by the chief of police of the City of San Antonio. After a hearing on a writ of habeas corpus, the district court remanded him to custody. Hence this appeal.

The validity of an ordinance of the City of San Antonio is involved, appellant having been convicted of operating an automobile for hire without having first installed therein a taximeter. The specific section appellant assails reads as follows:

"Section B-6. No such automobile for hire shall be permitted to operate on the streets of the City of San Antonio unless the same shall have attached thereto a taximeter of standard size and design, to be approved by the Chief of Police, who shall approve the same provided it meet the requirements of sub-divisions (a), (b), (c), (d) and (e) of Section B-6 of this ordinance.

"(a) No permit shall be issued for the operation of such automobile until the taximeter attached thereto shall have been inspected by or under the direction of the Chief of Police, and

shall have been found to be accurate.

"(b)   No such taximeter shall be operated except from the transmission of said automobile.

"(c)   No person shall use, or permit to be used, upon any such automobile owned and operated by him for hire, as provided for in this ordinance, a taximeter which shall be in such a condition as to be over five percent incorrect.

"(d)   No taximeter shall be used between sunset and sunrise unless the face thereof shall be illuminated by a suitable light so arranged as to throw a continuous light thereon.

"(e)   No person shall use, or permit to be used, or drive for hire, a vehicle equipped with a taximeter, the case of which does not have its cover and gear intact, and which has not been first properly sealed under the direction of the Chief of Police, nor shall such vehicle be operated should said seal be broken until said taximeter has again been inspected by the Chief of Police and then re-sealed by him, and the same shall not be re-sealed and put back into operation unless the same shall meet the requirements of this ordinance.

"(f)   No driver of such automobile for hire, equipped with a taximeter or other similar device, while carrying passengers or under employment, shall display the signal affixed to such taximeter or other similar device in such position as to denote that such vehicle is not employed, or in such position as to denote that it is employed at a rate of fare different from that to which he is entitled under the provisions of this ordinance."

Appellant asserts that the quoted section of the ordinance is unconstitutional, his position being that under the terms of the ordinance the power to prescribe the size and design of the taximeter required to be installed has been delegated to the chief of police.   Looking to the ordinance, it is clear that the size and design of the taximeter is not disclosed.   It is true that certain requisites are set forth in the ordinance, but these do not aid in arriving at a determination of the type of meter to be installed.   The power to determine the matter is delegated to the chief of police.   Not only might he arbitrarily reject a meter, but the applicant is furnished no means of knowing whether or not the meter with which he equips his car will be acceptable to him until he has installed it and makes his application.   Instead of being able to know from an examination of the ordinance what size and design meter is required, the operator of an automobile for hire who wishes not to offend would be compelled to receive his information from the specifications provided by the chief of police. ˙ If the ordinance should be upheld, it is clear that the size and design of the taximeter

might be changed at the will, wish or whim of the chief of police.

Section 28, article 1, of the Constitution of Texas, forbids the delegation of lawmaking power by the Legislature. See Dockery v. State, 247 S. W., 508. In Ex parte Maynard, 101 Texas Crim. Rep., 256, this court, speaking through Judge Lattimore, used language as follows: "There seems a plain distinction between the case here made and each and all those cited in the lengthy and able motion for rehearing, which distinction is based on the well-settled rule that the power to make laws which, by their terms, become and are effective or not at the pleasure of individuals or corporations, does not exist in the Legislature, and cannot be asserted by a municipality created under legislative authority."

In Ex parte Bell, 22 S. W., 1040, this court held that an offense denounced by either statute or ordinance must be plainly written to be effective. In other words, a completed law, if penal in its effect, must define the act or omission denounced as criminal with some degree of certainty. Ex parte Leslie, 223 S. W., 227.

The statement of the case appears to make self-evident the proposition that the section of the ordinance under discussion attempts to delegate to the chief of police lawmaking power. This being the case, such section is obnoxious to the constitutional requirements, and, in conformity with the announcement of the decisions, must be held invalid. Dockery v. State, supra, and authorities cited; Ex parte Leslie, supra, and authorities cited; Ex parte Bell, supra.

The judgment is reversed and appellant ordered released from custody.

*Reversed and appellant ordered released.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Counsel for the City have referred this court to many judicial decisions of the Federal and state courts in support of the contention that the ordinance in question does not offend against the general rule which declares that the power to make laws is a function of the law-making body and that such power cannot be delegated to others. The cases cited relate to matters of a civil nature and are therefore not available as precedents in regard to a penal offense. Such

of the cases cited which apparently sustain the delegation of power are from the Federal courts, in which the rule has been relaxed to some degree in accord with the announcement of the Supreme Court of the United States in Wayman v. Southard, 10 Wheat. 1, 42, 6, L. Ed., 262, as follows: "It will not be contended, that congress can delegate to the courts, or to any other tribunals, powers which are strictly and exclusively legislative. But congress may certainly delegate to others, powers which the legislature may rightfully exercise itself. * * * The line has not been exactly drawn which separates those important subjects, which must be entirely regulated by the legislature itself, from those of less interest, in which a general provision may be made, and power given to those who are to act under such general provisions, to fill up the details."

The relaxed interpretation of the rule has not been followed under any of the statutes or decisions in this state, particularly in their application to the penal laws. The statutes applicable are the following:

"The design of enacting this Code is to define in plain language every offense against the laws of this State, and affix to each offense its proper punishment." (Article 1, P. C.).

"In order that the system of penal law in force in this State may be complete within itself, and that no system of foreign laws, written or unwritten, may be appealed to, it is declared that no person shall be punished for any act or omission, unless the same is made a penal offense, and a penalty is affixed thereto by the written law of this State." (Article 3, P. C.).

The delegation of the lawmaking power is expressly forbidden by the Constitution of Texas, sec. 28, art. 1. See Dockery v. State, 93 Texas Crim. Rep., 220, 247 S. W., 508; Ex parte Leslie, 87 Texas Crim. Rep., 476, 223 S. W., 227; Ex parte Maynard, 101 Texas Crim. Rep., 256.

In Tex. Jur., vol. 12, p. 223, it is said:

"The Penal Code provides that the design of enacting it 'is to define in plain language every offense against the laws of this state, and to affix to each offense its proper punishment'; that 'no person shall be punished for any act or omission, unless the same is made a penal offense, and a penalty is affixed thereto by the written law of this state'; and that 'no person shall be punished for an offense which is not made penal by the plain import of the words of a law.'

"Under the foregoing provisions no act or omission is a crime unless made so by statute. To warrant a conviction the act or omission must be plainly and unmistakably within the definition of the statute, and within both the letter and the

spirit of the law, and if there is any fair doubt whether the statute embraces it, that doubt must be resolved in favor of the accused.  There can be no constructive offenses, and where the statute expressly limits the punishment to certain classes of persons, or for the doing of certain acts, only those brought by the facts within such definitions are amenable.  But it is not necessary that all penal enactments be appended to the code as amendments to it."

In the absence from the ordinance (copied in the original opinion) of any statement relating to what characterizes a taximeter of "standard" size and design, no guide is furnished by which the Chief of Police shall be governed in exerting the authority conferred upon him to decide whether in a given instance a proffered taximeter is of "standard" size and design. Apparently the ordinance demands of the Chief of Police that after deciding that the taximeter with which an automobile is equipped is, in his judgment, of "standard" size and design, he shall approve it provided in its adjustment it meets with the specifications appearing in the five subsequent subdivisions of the ordinance.  Therefore the ordinance does not specifically define the act which it condemns as criminal but only denounces as an offense the refusal to abide and obey the unguided decision of the Chief of Police.

Obedience to the articles of the statute quoted (articles 1 and 3, P. C.), and following many decisions giving effect to the statutory provisions mentioned, we feel constrained to overrule the motion for rehearing.  It is so ordered.

*Overruled.*

I concur in the foregoing opinion.

HAWKINS, Judge.

LATTIMORE, JUDGE (dissenting).—None of the fact issues made by the application for habeas corpus herein seem to have been supported on the hearing, and our original opinion dealt only with the validity of the ordinance under which appellant was convicted, which was held invalid upon the proposition that it attempted to delegate to the Chief of Police of the City of San Antonio the right and power to prescribe the size, design, etc., of the taximeters made, by the terms of said ordinance, necessary of installment upon motor vehicles operated for hire upon the streets of said city.

Careful re-examination of said ordinance brings the writer to the conclusion that what might appear to be such delegation of power, is more apparent than real.  The entire section B-6 pertaining to taximeters, is quoted in our original opinion, and

it will be noted that while it is required in the first paragraph of said section that each such vehicle shall have attached thereto a taximeter of standard size and design, *"to be approved by the chief of police,"* it is further immediately said "who shall approve the same provided it meet the requirements of subdivisions (a), (b), (c), (d) and (e) of section B-6 of this ordinance." The five subdivisions referred to are also set out in our former opinion, and may be summarized as providing (a) that the taximeter on such vehicle shall upon inspection be found accurate; (b) that it shall be operated from the transmission of such vehicle; (c) that it shall not be more than 5% incorrect; (d) that it shall be so constructed as that a continuous light shall be thrown on the face of it when such vehicle is operated between sunset and sunrise; (e) its cover and gear must be intact, and it must be properly sealed under the direction of the chief of police, and in case the seal be broken, it must be inspected and resealed, and shall not be resealed and put again in operation, unless it meet the requirements of this ordinance. As noted above, when these five things are made to appear as present in any taximeter,—whatever its size or design otherwise,—*it is to be approved* by the chief of police.

Looking for a moment at the complaint lodged against appellant herein, upon which he stands convicted, we note that it charges appellant with operating for hire on the streets of San Antonio, Texas, a motor vehicle "without first installing in such motor vehicle a taximeter of standard size and design *according to* the requirements of subdivision (a), (b), (c), (d), and (e) of section B-6 of an ordinance," etc., being the ordinance in question. Manifestly the city authorities intended in the enactment of said ordinance,—and its language evidences such intendment,—that any taximeter coming up to the requirements of said five subdivisions above mentioned, should be held, for that reason, to be of standard make and design. In other words, no power was delegated or given the chief of police save that of determining whether such taximeter met the requirements of the five subdivisions of section B-6 above referred to,—each which requirement was made and enacted in detail by the law-making body of the city, and was not in any case delegated to such chief of police. So concluding, I am of opinion that we were in error in our original opinion, and the motion for rehearing of the respondent,—appellee herein,—should be granted, the judgment of reversal directing the release of the appellant be set aside, and the judgment of the trial court remanding appellant be affirmed. The other members of the court not agreeing to this, I most respectfully enter my dissent.