EX PARTE MILTON MEADOWS.

No. 19422. Delivered October 20, 1937.
State's Rehearing Denied November 24, 1937.

The opinion states the case.

*Wallace B. Moore* and *Taylor, Irwin & Irwin,* all of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was charged by complaint filed in the Corporation Court of the City of Dallas, with the offense of unlawfully driving an automobile on Canton Street, a public street in the city limits of the City of Dallas, in such a manner as to indicate a willful and wanton disregard for the safety of persons and property in violation of Section 49, Ordinance number 2808, of said city. He was arrested, placed in jail, and immediately applied to the Hon. Winter King, Judge of the County Criminal Court of said county, for a writ of habeas corpus, and prayed that upon a hearing thereof, he be discharged because the ordinance under which this prosecution is brought is void for indefiniteness and uncertainty. The ordinance in question reads as follows:

"It shall be unlawful and an offense for any person to drive any vehicle on any street or alley in the limits of the City of Dallas in such manner as to indicate either a willful or wanton disregard for the safety of persons or property."

Art. 6, P. C., provides among other things that the penal law to be valid, must be so definitely framed that the accused may know the nature of the accusation against him, and unless it meets this requirement it is invalid.

Sec. 10 of Art. I of our Constitution, among other things, provides that the accused shall have the right to know the nature of the accusation against him.

The well recognized rule for construing a penal statute is, that if the statute is so indefinitely drawn, or if it is of such doubtful construction that it cannot be understood, either from the language in which it is expressed or from some written law of the State, it is invalid and void.

Applying the foregoing rule of construction to the ordinance in question, can it be said that any person of ordinary intelligence, in driving an automobile upon the streets of said city may know when he is violating said ordinance? If so, how is he to determine it? What guide, gauge, or standard is given by which he may measure his manner of driving and determine whether his conduct is such as to indicate either a willful or wanton disregard for the safety of persons or property? The manner of driving necessary to indicate a willful or wanton dis-

regard for the safety of persons or property is not expressed or defined by said ordinance.

Statutes of no more doubtful construction than the ordinance here under consideration have been held void. See Ex parte Slaughter, 243 S. W., 478; Griffin v. State, 218 S. W., 494; Dellinger v. State, 28 S. W. (2d) 537.

The judgment remanding appellant is reversed and he is discharged.

*Reversed, and petitioner discharged.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Our re-examination of the record in the light of the motion for rehearing filed by counsel for the State leads us to the conclusion that the proper disposition of the appeal was made upon the original hearing.

The motion for rehearing is therefore overruled.

*Overruled.*