## Ex Parte C. H. Chernosky.

No. 24319. February 16, 1949.

*Dan Hruska,* Bellville, and *Charles Lewis Krueger,* Austin, for relator.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is an application for the writ of habeas corpus directly to this court, attacking the validity of a provision of the "Uniform Act Regulating Traffic on the Highways," being Chap. 421, Acts Regulating Session 50th Legislature in 1947, and appearing as Art. 6701d, Vernon's Annotated Civil Statutes.

The act makes the reckless driving of an automobile upon a public highway a misdemeanor, punishable by a fine of not

less than One ($1.00) Dollar nor more than Two Hundred ($200.00) Dollars. Sec. 51 of Art. V and Sec. 143 of Art. XVI. of the act.

The term "reckless driving" is defined as follows:

"Sec. 51. Reckless Driving. Every person who drives any vehicle in wilfull or wanton disregard of the rights or safety of others or without due caution or circumspection, and at a speed or in a manner so as to endanger or be likely to endanger a person or property shall be guilty of reckless driving."

Relator was charged by complaint in the justice court of Austin County with a violation of said section, the specific allegations of which were that he did drive an automobile upon a public highway:

(1) in a wilful or wanton disregard of the rights or safety of others,

(2) without due caution or circumspection, and

(3) at a speed so as to endanger or which was likely to endanger persons or property.

Upon trial, he was convicted. He appealed to the county court, where he was again convicted, with punishment assessed at a fine of $100.

In trial in the county court, appellant's guilt was expressly predicated upon the allegation that he drove the automobile "without due caution or circumspection." The other allegations set forth in the complaint were not submitted to the jury. Relator therefore stands convicted in the county court of driving an automobile upon a public highway in this state "without due caution or circumspection."

Upon a capias pro fine issued thereon, relator was taken into custody by the sheriff of the county.

Relator seeks his outright discharge from that custody, alleging that the statute upon which his conviction was predicated is unconstitutional and void.

The writ of habeas corpus, under the circumstances mentioned, may be resorted to and, for that reason, we granted the writ and ordered relator released upon bail, pending the final determination of this proceeding.

Obviously, only so much of the act, as also the particular provision of Sec. 51 of Art. V, upon which the conviction was predicated, is, therefore, before us for consideration.

It is relator's contention that the words "without due caution or circumspection" are so vague and indefinite and of such doubtful construction as to render the statute wholly inoperative, under Art. 6, P. C., and violative of Art. 1, Sec. 10 of the constitution of this state and the due process clauses of both state and federal constitution.

Said words, not having been specially defined, must be construed in the sense generally understood. Art. 8, P. C.

A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must guess as to its meaning and differ as to its application lacks the first essential of due process of law. 14 Am. Jur., Criminal Law, Secs. 19 and 22, pp. 773 and 779.

The rule stated has become so fixed as to be, now, deemed axiomatic. It has been repeatedly followed by the Supreme Court of the United States. See Champlin Ref. Co. v. Corporation Commission, 286 U. S. 210, 76 L. Ed. 1062, 52 S. Ct. 559, 86 A. L. R. 403; Connally v. General Construction Co., 269 U. S. 385, 70 L. Ed. 322, 46 S. Ct. 126; Lanzetta v. New Jersey, 306 U. S. 451, 83 L. Ed. 888, 59 S. Ct. 618.

The rule has been adopted by this court. See Ex Parte Slaughter, 92 Tex. Cr. R. 212, 243 S. W. 478; Ladd v. State, 115 Tex. Cr. R. 355, 27 S. W. (2d) 1098; Griffin v. State, 86 Tex. Cr. R. 498, 218 S. W. 494; Russell v. State, 88 Tex. Cr. R. 512, 228 S. W. 566; Snider v. State, 89 Tex. Cr. R. 192, 230 S. W. 146; Ex Parte Carrigan, 92 Tex. Cr. R. 309, 244 S. W. 604; Cinadr v. State, 108 Tex. Cr. R. 147, 300 S. W. 64; Hallman v. State, 113 Tex. Cr. R. 100, 18 S. W. (2d) 652; Dockery v. State, 93 Tex. Cr. R. 220, 247 S. W. 508; Ex Parte Meadows, 133 Tex. Cr. R. 292, 109 S. W. (2d) 1061.

The words "without due caution or circumspection," standing alone, import nothing more or less than what is sometimes referred to as ordinary negligence, which is a failure to exercise that degree of care that a person of ordinary prudence would exercise under the same or similar circumstances.

Criminal prosecutions for mere negligence acts have not

been authorized, because of the requirement of definiteness in criminal statutes.

We are constrained to agree that, in so far as the statute authorizes prosecutions merely for the driving of an automobile upon a public highway of this state "without due caution or circumspection," it is vague and indefinite and falls within the condemnation of statutory and constitutional guarantees.

It should be here expressly pointed out that we are not construing Sec. 51 of Art. V, either as a whole or the provision thereof relating to the driving of an automobile "without due caution or circumspection," where used in connection with the other provisions of wilfulness and disregard of the rights and safety of a person or property which connote criminal negligence.

The conclusion is reached that relator's conviction was upon a provision of the statute which is too vague and indefinite to be enforcible, and it is ordered that he be discharged from custody.

Opinion approved by the Court.