

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

November 3, 1964

Honorable Henry Wade
District Attorney
Records Building
Dallas 2, Texas

Opinion No. C-341

Re: Validity of Article
6701-h, Sections 31 and 32(d)
V.C.S. which provide that
any person whose license or
registration shall have been
suspended shall immediately
return his license and regis-
tration to the Department of
Public Safety and prescrib-
ing a penalty for the will-
ful violation thereof.

Dear Mr. Wade:

You request our opinion construing the validity of Sections 31 and 32(d) of Article 6701-h, Vernon's Civil Statutes, with particular emphasis on the use of the word "immediately" as used in Section 31.

You have advised this office that it is your opinion that Section 31 of Article 6701-h, "offends against Article 7 of the Texas Penal Code and is thus invalid."

In support of your opinion you have cited Guerra v. State, 234 S.W.2d 866 (Tex.Crim. 1950).

Article 6701-h, Section 31 is as follows:

"Section 31. Any person whose license or registration shall have been suspended as herein provided, or whose policy of insurance or bond, when required under this Act, shall have been cancelled or terminated, or who shall neglect to furnish other proof upon request of the Department shall immediately return his license and registration to the Department. If any person shall fail to return to the Department the license or registration as provided herein, the Depart-ment shall forthwith direct any peace officer to secure possession thereof and to return the same to the Department, and the Depart-ment shall send a certified copy of the act

-1615-

or order of the Department requiring the return of the license or registration to the sheriff of the county of the person's last known address. The sheriff or his deputy shall immediately upon receipt of the certified copy secure possession of the license or registration and return the same to the Department. The director of the Department of Public Safety or a person designated by him shall file a complaint in any court of competent jurisdiction under Subsection (d) of Section 32 against any person who he has reason to believe has willfully failed to return license or registration as required herein. As amended Acts 1963, 58th Leg., p. 1320, Ch. 506, Par. 19."

Article 6701-h, Section 32(d) is as follows:

"(d) Any person willfully failing to return license or registration as required in Section 31 shall be fined not more than five hundred ($500) or imprisoned not to exceed thirty (30) days, or both."

Article 7, Vernon's Penal Code is as follows:

"This Code and every other law upon the subject of crime which may be enacted shall be construed according to the plain import of the language in which it is written, without regard to the distinction usually made between the construction of penal laws and laws upon other subjects; and no person shall be punished for an offense which is not made penal by the plain import of the words of a law."

In Guerra v. State, supra, the appellant was tried and convicted for violation of Article 226, Vernon's Penal Code, which is as follows:

"Any presiding officer of any election precinct who shall fail, immediately after such election, to securely box, in the mode prescribed by law, all the ballots cast thereat, and within the time provided by law, thereafter to deliver the same to the county clerk of his county, shall be fined not less than

fifty nor more than five hundred dollars, and
in addition thereto, may be imprisoned in jail
not exceeding six months."

It was appellant's contention that the court must look
to Article 2677, Vernon's Civil Statutes, to determine the
time provided by law as mentioned in Article 226, rather
than to Article 3028, Vernon's Civil Statutes as amended,
now Election Code, Article 8.32, Vernon's Civil Statutes.

In answer to this contention the Court stated:

"Article 2677, R.C.S., refers to 'returns
of their election,' and not to the box con-
taining the voted ballots, poll list and
tally list described in Article 226, P.C."

". . .

"It may be noted that Article 226, P.C.,
in combination with Article 3028, R.C.S.,
as amended, provides for the punishment of
any presiding officer of any election pre-
cinct who shall fail . . . (2) 'immediately'
thereafter to deliver the same to the county
clerk.

". . .

"Article 2677, R.C.S., on the other hand,
requires that the returns of the election of
county school trustees (the kind of election
here) shall be made to the county clerk with-
in five days after the election.

"We find then that the presiding judge
of the election is required by statute to
deliver the box containing the voted ballots
with 'a copy of the report of the returns'
to the county clerk 'immediately,' and by
another statute to deliver the 'returns of
their election' to the same officer 'within
five days.'

". . .

"Since the amendment of Article 3028, R. C.
S., substituting 'immediately' for the former
provision requiring the delivery of the boxes

Hon. Henry Wade, page 4 (C-341).

'within ten days after the election, Sundays and the days of election excluded,' the offense here charged is no longer so defined that a presiding officer of an election may ascertain in advance with reasonable certainty when the box containing the voted ballots must be delivered to the county clerk in order to avoid prosecution and punishment.

"We are therefore constrained to hold that Article 226, P.C., construed in connection with Article 3028, R.C.S., as amended, offends against Article 7, P.C., wherein it is provided that 'no person shall be punished for an offense which is not made penal by the plain import of the words of a law.'

". . .

"The judgment is reversed and the prosecution ordered dismissed."

In view of the following, we assert and reaffirm the decision in Guerra v. State, supra:

"No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." Tex. Const. Art. I, Sec. 19.

"There are no common law offenses in this State, so no act or omission is a crime unless made so by the written law of the State." 16 Tex.Jur.2d 89, Criminal Law, Sec. 1.

"Whenever it appears that a provision of the penal law is so indefinitely framed or of such doubtful construction that it cannot be understood, either from the language in which it is expressed, or some other written law of the State, such penal law shall be regarded as wholly inoperative." Art. 6 Texas Penal Code.

"A penal law cannot be sustained unless what it commands is so clearly expressed that an ordinary person can understand in advance his duties thereunder." Sportatorium, Inc. v. State, 115 S.W.2d 483 (Tex.Civ.App. 1938, error dism.).

-1618-

"A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must guess as to its meaning and differ as to its application lacks the first essential of 'due process of law.' 14 Am.Jur. 773, 779, Criminal Law, Secs. 19,22.

"The rule stated has become so fixed as to be deemed axiomatic. It has been repeatedly followed by the Supreme Court of the United States. See: Champlain Refining Co. v. Corporation Commission, 286 U.S. 210, 52 Sup.Ct. 559, 76 L.Ed. 1062, 86 A.L.R. 403; Connally v. General Construction Co., 269 U.S. 385, 46 Sup. Ct. 126, 170 L.Ed. 322; Lanzetta v. New Jersey, 306 U.S. 451, 59 Sup.Ct. 618, 83 L.Ed. 888.

"The rule has also been adopted by this court. See: Ex Parte Slaughter, 92 Tex.Cr.R. 212, 243 S.W. 478, 26 A.L.R. 891; Ladd v. State, 115 Tex.Cr.R. 355, 27 S.W.2d 1098; Griffin v. State, 86 Tex.Cr.R. 498, 218 S.W. 494; Russell v. State, 88 Tex.Cr.R. 512, 228 S.W. 566; Snyder v. State, 89 Tex.Cr.R. 192, 230 S.W. 146; Ex Parte Carrigan, 92 Tex.Cr.R. 309, 244 S.W. 604; Cinadr v. State, 108 Tex.Cr. 147, 300 S.W. 64; Hallman v. State, 113 Tex.Cr.R. 100, 18 S. W.2d 652; Dockery v. State, 93 Tex.Cr.R. 220, 227 S.W. 508; Ex Parte Meadows, 133 Tex.Cr.R. 292, 109 S.W.2d 1061." Ex Parte Chernosky, 153 Tex.Crim. 52, 217 S.W.2d 673 (1949).

An extensive research of the cases has not been productive in defining with reasonable certainty the measure of the term "immediately." Mr. Justice Hickman speaking for the court in Hicks v. Matthews, 153 Tex. 177, 266 S.W.2d 846 (1954) construes the word "immediately" as follows:

"The word 'immediately' is a term of relative signification. Sometimes it is understood to mean instantaneously or without intervention of time, but, as used in most statutes, it is not to be construed so strictly. The law must be given a practical and reasonable application. Accordingly, the word 'immediately' is very generally held to mean with due diligence, the accused has the right to be presented without delay, but the question of what is delay must be determined by all the facts and circum-

stances.  Necessarily some time must elapse
between the arrest and the presentment be-
fore the magistrate."

Although this language was adopted by the Court of
Criminal Appeals in Gilbert v. State, 162 Tex.Cr. 290,
284 S.W.2d 906 (1955), it was used only to determine whether
the petitioner had been denied due process of law by failure
of the arresting officer to take the petitioner before a
magistrate immediately, and the Court did not consider or
apply this verbiage in passing on the validity of a statute
definitive of a crime.  However, if this construction is to
be applied to the term "immediately" as used in Article
6701-h, Section 31, the issue of whether the term "imme-
diately" means instantenously and without the intervention
of time or within a reasonable time determined by all the
facts and circumstances of the case is void of answer.
Wherefore, upon this issue men of common intelligence must
necessarily guess as to the meaning of the term and differ
as to its application.  Thus, the statute and the various
court decisions have not defined with reasonable certainty
deserving of common and ordinary understanding the word
"immediately."  From this there can be no conclusion other
than that Article 6701-h, Section 32(d), construed in con-
nection with Article 6701-h, Section 31, is unconstitutional
and violative of fundamental due process on the grounds of
indefiniteness and uncertainty.

## S U M M A R Y

By the force and authority of Guerra v.
State, supra, and the inhibitions of the
Constitution and Penal Code of the State
of Texas, until Article 6701-h, Section 31
V.C.S. is amended or the term "immediately"
has been determined, measured, defined and
reduced to a reasonable certainty capable
of common and ordinary understanding, Arti-
cle 6701-h, Section 32(d), V.C.S., construed
in connection with Article 6701-h, Section
31, V.C.S. is manifestly unconstitutional
and void on its face for indefiniteness and
uncertainty of those particular acts or
omissions which constitute the offense set
forth therein.

Yours very truly,

Hon. Henry Wade, page 7 (C-341).

WAGGONER CARR
Attorney General of Texas

By W. John Allison, Jr.
Assistant Attorney General

WJA:gm

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Cecil Rotsch
Bob Flowers
Joe Long
Robert D. McGee

APPROVED FOR THE ATTORNEY GENERAL
By:  Roger Tyler