**J. B. CHOATE, Jr., et ux., Appellants,**

v.

**The STATE of Texas, Appellee.**

No. 15235.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

March 7, 1968.

Dixie & Schulman, Robert E. Hall, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell, Asst. Dist. Atty., Houston, for appellee.

PEDEN, Justice.

This is an appeal from an adjudication by the Juvenile Court of Harris County, Texas, declaring Gary Wayne Choate, age 14, to be a delinquent child under the provisions of Article 2338–1, Vernon's Ann. Civ.St., and committing him to the custody of the Texas Youth Council. His parents have filed this appeal.

Appellants' points of error are:

1. The trial court erred in adjudging Gary Wayne Choate to be a delinquent child.

2. The trial court erred in admitting in evidence a confession signed by Gary Wayne Choate.

3. The trial court erred in admitting in evidence the results of a search of appellants' home.

Appellee has confessed error to the extent of admitting that the record of this case does not clearly show at what time during the interrogation of Gary Wayne Choate he was given such warnings by Officer Turner so as to show a knowing and intelligent waiver of his privilege to remain silent.

Inculpatory admissions made prior to a waiver of the privilege against self-incrimination are not admissible. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Appellee's brief shows that appellee recognizes that by In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), the United States Supreme Court has made applicable to juveniles the privilege against self-incrimination as it was applied to adults in Miranda v. Arizona, supra.

■ The same privilege arises in connection with both the signed statement and the search of appellants' home.

As this case was developed in the trial court the written statement of Gary Wayne Choate, which was admitted in evidence over appellants' objection, was crucial in establishing the State's position.

In accordance with Rule 434, Texas Rules of Civil Procedure, the judgment of the Trial Court is reversed and remanded.