**Debra Fay LEACH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 107.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

May 15, 1968.

Rehearing Denied June 12, 1968.

Michael L. Woods, Sigmund A. Horvitz, Houston, for appellant.

Carol S. Vance, Dist. Atty., Nickola Barrera, Asst. Dist. Atty., Houston, for appellee.

BARRON, Justice.

This is an appeal from a judgment of the Juvenile Court of Harris County finding appellant, Debra Fay Leach, to be a delinquent child under the provisions of Article 2338-1, Vernon's Ann.Civ.St. The basis of the charge of delinquency was that appellant "habitually deports herself as to injure or endanger the morals or health of

herself and other(s) in Harris County, Texas, to-wit: Runaway on the 25th day of March, 1967, Runaway on the 30th day of June, 1967, Runaway on the 11th day of July, 1967, and Runaway on the 26th day of July, 1967." The charge was made under Section 3(f) of the above statute, as amended, providing that a child may be delinquent when he "habitually so deports himself as to injure or endanger the morals or health of himself or others."

In the trial with the aid of a jury, the appellant child was found to be delinquent, and the trial court pursuant to the findings of the jury, entered judgment that Debra Fay Leach was a delinquent child and that she be committed to the Texas Youth Council. The commitment was suspended and appellant was placed in the custody of the Superintendent of Buckners Baptist Childrens Home at Dallas. Judgment was entered on November 2, 1967. Appellant, through her appointed attorney, has perfected an appeal to this court. The State of Texas has not filed a brief.

Judgment of the court below is attacked by reason of alleged self-incriminating statements made by appellant to a probation officer without aid of counsel, whereby the officer gave an opinion as to whether appellant was endangering her morals and health; for failure timely to warn and appoint counsel for appellant; for permitting appellant's mother to testify to certain admissions made by appellant; for permitting the state to prove delinquency by a preponderance of the evidence instead of beyond a reasonable doubt, and because the term "delinquency" is defined under Texas law vaguely and indefinitely in alleged violation of state and federal due process.

■ Since the decision of the United States Supreme Court in the case of In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed. 2d 527, state courts have been required to regard appeals in juvenile cases more strictly in a case where delinquency proceedings may lead to commitment in a state institution. The proceedings must measure up to the essentials of due process, including written notice of the specific charges, notification to the child *and* his parents of the child's right to be represented by counsel retained by them, or if they are unable to afford counsel, that counsel will be appointed to represent the child; application of the constitutional privilege against self-incrimination; and absent a valid confession, a determination of delinquency and an order of commitment based only on sworn testimony subjected to the opportunity for cross-examination in accordance with federal constitutional requirements. See also Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84.

In this case the appellant child was brought to the Harris County Juvenile authorities and placed in the detention ward at the request of her parents on or about July 28, 1967, with the parents' hope that the juvenile authorities could be of help both to the parents and the child. The juvenile authorities attempted to cooperate, and from the record we believe they did so with some success. However, the child remained in the detention ward from about July 28, 1967, until about September 19, 1967, before counsel was appointed for her. Meanwhile, during appellant's incarceration, Mrs. Nelva Wagner, a probation officer with the Juvenile Probation Department, interrogated the child, a girl about twelve years of age, concerning the incidents made the basis of the charges, including her social needs and her general background. This was done in the absence of an attorney and in the absence of any warning or admonition given the child by anyone. She was not advised that the court would appoint an attorney for her in the event she could not afford to employ one. The record is silent concerning any warning or admonition or that she had the right to remain silent under the circumstances, or that counsel was available to her if she desired one. There is no evidence of waiver of the above rights in the record, even if it could be said that a child of twelve years is able effectively to waive any of her constitutional rights.

No written confession was taken or attempted to be taken from appellant, and none was offered in evidence against her at the trial. But the testimony and unsupported conclusions of Mrs. Wagner were admitted before the jury which found appellant to be a delinquent child.

▬ In re Gault, supra, holds that a probation officer is also an arresting officer and cannot act as counsel for the child. 387 U.S. 36, 87 S.Ct. 1428. See Art. 2338–1, Sec. 11, V.A.C.S. The Supreme Court further noted that admissions and confessions of juveniles require special caution, and it noted the anomaly in applying the privilege against self-incrimination in favor of hardened criminals when children had not been afforded the right. The court held directly that the privilege against self-incrimination is constitutionally applicable in the case of juveniles just as it is with respect to adults. No one can doubt that testimony by an officer as to an opinion of guilt based upon obvious self-incriminating statements made by an adult accused, without benefit of counsel or any type of warning or admonition while under arrest, would be obvious error and a clear violation of a defendant's constitutional rights. See Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. In re *Gault* requires that the same principles applicable to adults be applied to juveniles in this type of case when the question reaches constitutional dimensions. As the Court said in *Gault:*

"It would be entirely unrealistic to carve out of the Fifth Amendment (applied to the states under the Fourteenth Amendment) all statements by juveniles on the ground that these cannot lead to 'criminal' involvement. In the first place, juvenile proceedings to determine 'delinquency,' which may lead to commitment to a state institution, must be regarded as 'criminal' for purposes of the privilege against self-incrimination. To hold otherwise would be to disregard substance because of the feeble enticement of the 'civil' label-of-convenience which has been attached to juvenile proceedings." (Parenthesis added.)

In the case at bar, Mrs. Wagner, over proper objections of appellant's counsel, stated that after conversing on numerous occasions with appellant, she had formed an opinion as to whether Debra Fay Leach was endangering the morals of herself and the health of herself by reason of the alleged runaways. She further testified that appellant was definitely endangering her morals by the runaways and what took place during the runaways. She further testified that appellant was endangering her health. The opinions were based on Mrs. Wagner's experience with juvenile cases of similar type and based upon her qualifications as an expert in the fields of sociology and social welfare.

▬ Inculpatory admissions made prior to a waiver of the privilege against self-incrimination, or opinions based thereon, are not admissible. Miranda v. State of Arizona, supra; In re Gault, supra; Choate v. State, 425 S.W.2d 706 (Tex.Civ.App.), no writ hist. Texas had never required a juvenile to testify against herself or to give evidence that will tend either directly or indirectly to incriminate her either in a civil or criminal case. Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269, 151 A.L.R. 1217. In the case of a twelve-year-old girl, the propriety of the application of these rules is undoubted.

As further observed in *Gault:*

"It is disconcerning * * * that this term (delinquent) has come to involve only slightly less stigma than the term 'criminal' applied to adults. It is also emphasized that in practically all jurisdictions, statutes provide that an adjudication of the child as a delinquent shall not operate as a civil disability or disqualify him for civil service appointment. There is no reason why the application of due process requirements should interfere with such provisions."

(Parenthesis added.) 387 U.S. 24, 87 S.Ct. 1441.

We believe that the above trial judge and the Juvenile Department did what they though was necessary to accord fairness to the child and aid to the parents. However, in view of what we believe to be clear violations of federal due process, in that counsel for the appellant was not timely appointed to safeguard appellant's rights, in failing to warn her of her constitutional rights and privileges, and in permitting the above witness to testify as to her opinion on a standard fixed by law in this type of case, it is our duty to reverse the judgment below. As Justice James R. Norvell noted in Texas Law Review:

> "When a standard, or a measure, or a capacity has been fixed by law, no witness, whether expert or non-expert, nor however qualified, is permitted to express an opinion as to whether or not the person or the conduct in question measures up to that standard." See 31 Tex.L. Rev. 741.

See also Carr v. Radkey, 393 S.W.2d 806, 813 (Tex.Sup.); Lindley v. Lindley, 384 S.W.2d 676, 682 (Tex.Sup.); the Juvenile Court should have excluded Mrs. Wagner's opinions because they were based on statements made to her by appellant while under detention in the absence of counsel, and because the opinions involved legal definitions and a legal test. See also Hooten v. Dunbar, 347 S.W.2d 775, 778 (Tex.Civ.App.), writ ref., n.r.e.; 2 McCormick and Ray, Texas Law of Evidence (2d Ed.), Sec. 1421, pp. 254–256. Especially is the rule true in a case of this type. In a jury trial these errors cannot be held to be harmless.

For the above reasons, this case is reversed and remanded to the trial court.

### Concurring Opinion

SAM D. JOHNSON, Justice.

While concurring with the result reached by the majority it would seem that there is a more fundamental basis on which this opinion should be bottomed, this being the obvious unconstitutionality of that portion of the statute here in issue. Those accountable for the untold work of enforcing our juvenile laws, the trial courts with the awesome responsibility of juvenile cases, and the public alike, all are dependent upon and must know when our statutes do not comport with minimum constitutional standards. This is indeed an area of possible legislative concern, but this concern is focused upon the problem only when our courts immediately and decisively respond when confronted with an issue of fundamental and patent unconstitutionality. Such a case is here presented.

This is not to say that the other points are not well taken. Where a twelve-year-old female is held in custody for almost two months prior to trial and counsel is appointed on the day of trial, it is not to be questioned that she is denied the effective assistance of counsel. In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527. Where the jury is instructed to respond on the issue of delinquency not beyond a reasonable doubt, but on a preponderance of the evidence, the child is denied due process and equal protection as well. In re Gault, supra; Speiser v. Randall, 357 U.S. 513; 78 S.Ct. 1332, 2 L.Ed.2d 1460; In re Urbasek, 38 Ill.2d 535, 232 N.E.2d 716; Woodby v. Immigration & Naturalization Service, 385 U.S. 276, 87 S.Ct. 483, 17 L.Ed.2d 362. These of course, are in addition to those points well stated and stressed by the majority.

Far more basic, however, is that portion of the statute here in issue. Vernon's Ann.Civ.St., Art. 2338–1, Sec. 3(f), defines a delinquent child as one who "habitually so deports himself as to injure or endanger the morals or health of himself or others * * *." No evidence was here presented to justify a delinquent adjudication under any other provision of the statute defining a delinquent child.

A statute which "either forbids or requires the doing of an act in terms so vague

that men of common intelligence must necessarily guess at its meaning and differ as to its application," fails to meet the standards required by due process of law. Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926).

In Lanzetta v. State of New Jersey, 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888, the Supreme Court said, "If on its face the challenged provision is repugnant to the due process clause, specification of details of the offense intended to be charged would not serve to validate it. * * * It is the statute, not the accusation under it, that prescribes the rule to govern conduct and warns against transgression. * * * " The quoted portion of the Texas statute is not sufficiently narrow and precise to give fair warning concerning what conduct is forbidden. The Court in Lanzetta emphasized, "No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes. All are entitled to be informed as to what the State commends or forbids." 306 U.S. 451, 453, 59 S.Ct. 618, 619.

The Texas delinquency statute uses the words "injure," "endanger" and "morals," words that have considerably less than a precise or definite meaning. A minimum requirement of a penal statute is that it inform with reasonable precision what acts it intends to prohibit. Vernon's Ann.P.C., Art. 6 of Texas provides: "Whenever it appears that a provision of the penal law is so indefinitely framed or of such doubtful construction that it cannot be understood, either from the language in which it is expressed, or from some other written law of the State, such penal law shall be regarded as wholly inoperative." Ex Parte Meadows, 133 Tex.Cr.R. 292, 109 S.W.2d 1061 (1937).

Vernon's Ann.Tex.Const., Art. 1, Sec. 10, provides that the accused shall have the right to know the nature of the accusation against him; Art. 1, Sec. 19 provides that "no citizen of this State shall be deprived of life, liberty, property, privileges or immun-

ities * * *, except by the due course of the law of the land." The Fourteenth Amendment to the United States Constitution provides that no state may deny a person life, liberty or property without due process of law.

Texas Courts have consistently followed the rule laid down by the Supreme Court of the United States that "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must guess as to its meaning and differ as to its application lacks the first essential of due process of law." Ex parte Chernosky, 153 Tex.Cr.R. 52, 217 S.W.2d 673 (1949); See Ex parte Wilmoth, 125 Tex.Cr.R. 274, 67 S.W.2d 289 (1933); Ex parte Meadows, supra; State v. Shoppers World, Inc., 380 S.W.2d 107 (Tex. 1964).

Applying the foregoing rule of statutory construction to that portion of the Texas delinquency statute here before the court, it cannot be said that any juvenile, parent or other interested party of ordinary intelligence knows when the statute is being violated. The manner of conduct necessary to indicate whether a juvenile is habitually injuring or endangering the morals or health of himself or others is not expressed or defined by the statute. The quoted portion of the statute defines delinquency in such broad, general, vague and indefinite terms that under its provisions a juvenile might be charged as delinquent under almost any set of circumstances.

The delinquency statute is penal in its effect for the court may commit the child to a public institution until the child reaches the age of twenty-one years. The statute must be construed therefore, in the same manner it would be construed under the penal code.

The quoted portion of the statute is obviously void on its face because of vagueness, denying appellant her liberty without due process of law. Most respectfully, it is on this basis that this opinion should be made.