v.

**STATE of Texas, Appellee.**

No. 5620.

Court of Civil Appeals of Texas, Waco.

Feb. 10, 1977.

Rehearing Denied March 3, 1977.

Bill Schieffelin, Austin, for appellant.

W. D. Ralston, Jr., Corsicana, for appellee.

OPINION

JAMES, Justice.

This is a juvenile case. After jury trial, the trial court adjudged the eleven year old minor child in question to have engaged in delinquent conduct and committed her to the Texas Youth Council. A written confession by the minor was admitted in evidence during the adjudication phase of the trial.

The central question before us is whether or not this eleven year old child "knowingly, intelligently, and voluntarily" waived her privilege against self-incrimination within the meaning of Section 51.09(b) of the Texas Family Code. The trial court held that she did. We disagree, and hold that she did not knowingly, intelligently, and voluntarily waive her privilege against self-incrimination, and thereby reverse and remand the cause for retrial.

The minor in question is an eleven year old girl with a sixth grade education, of average intelligence for her age. Her father had disappeared from the family since 1965. She had several brothers and sisters. The mother of the children for the past five years had been living with a man other than the children's father. The child's mother and foster father had two children, making seven children in all living in the home. The child's mother normally worked at the Adams Hat Company in Corsicana, Texas; however, a short time before the transactions in question she was injured at work and was hospitalized during the times material to this case.

At or about 9:00 P.M. on December 15, 1975, the Appellant was arrested by officers of the Corsicana Police Department on suspicion of burglary of an apartment owned by one Barbara Cade. Appellant was turned over to the County Juvenile Officer and placed in the Navarro County Detention Center at about midnight of the above-named date.

The next morning, which was December 16, 1975, at about 9:00 A.M. she was taken by the Juvenile Officer to a Justice of the Peace who advised her of her rights. She

then left with the Juvenile Officer and gave a statement to him which was reduced to writing concerning the burglary. The Juvenile Officer then took the child back to the Justice of the Peace who read the statement back to her, whereupon she signed it. Likewise the Justice of the Peace certified in writing at the bottom of the statement that he had examined the child "independent of any law enforcement officer or prosecuting attorney and determined that the child understands the nature and contents of the statement and has knowingly, intelligently, and voluntarily waived" her rights, all as prescribed by Section 51.09(b) of the Texas Family Code.

Trial was had to a jury, which found that the Appellant had committed the alleged burglary. The written confession given by Appellant was admitted into evidence over the objection of her attorney. At the dispositional hearing, Appellant was committed to the Texas Youth Council.

During the trial, Appellant's Counsel moved for and was granted a hearing outside the presence of the jury to determine if the written confession was voluntary. The trial court held that the confession was voluntary, and admitted it into evidence.

The Appellant appeals from the trial court's judgment asserting that it was error for the trial court to hold that Appellant could knowingly, intelligently, and voluntarily waive her constitutional rights, and that it was error to admit into evidence over timely objection the written confession after Appellant had been held in a detention facility with no opportunity to consult with a parent or attorney. We sustain these contentions and thereby reverse and remand the cause for retrial on the merits.

Here, the child was handled by the Juvenile Officer and the Justice of the Peace in a manner in keeping with Section 51.09(b) of the Texas Family Code. That is to say, she was taken by the Juvenile Officer to the magistrate who first informed her of her rights. Then the Juvenile Officer prepared the written statement, after which he took the child back to the magistrate along with the written statement. Then, with no one present except the magistrate and Appellant, the magistrate read the statement to Appellant and asked her if she understood it. The magistrate testified at the trial that he was fully convinced that Appellant understood the nature and contents of the statement, and that she signed it voluntarily.

Section 51.09(b) in pertinent part provides: "The child must knowingly, intelligently, and voluntarily waive these rights prior to and during the making of the statement and sign the statement in the presence of a magistrate . . . ."

We have a fact situation wherein the mechanics and procedure as prescribed by Section 51.09(b) were carefully carried out; however, we are confronted with this problem: Can an eleven year old girl of average intelligence for her age, with a sixth grade education, "knowingly, intelligently, and voluntarily" waive her constitutional privilege against self-incrimination, where she has spent from midnight to 9:00 A.M. in the Juvenile Detention Center, and where she has had no guidance from or the presence of a parent or other adult in loco parentis, or an attorney? We think not. In our opinion, a child of such immaturity and tender age cannot knowingly, intelligently, and voluntarily waive her constitutional privilege against self-incrimination in the absence of the presence and guidance of a parent or other friendly adult, or of an attorney. See In Re Gault (U.S.Sup.Ct. 1967) 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527.

We recognize that under subsection (b) of Section 51.09 which became effective September 1, 1975, said present statute allows a juvenile to waive his rights without the presence of counsel or parent, thus changing the previous requirement of the statute. See B.L.C. v. State (Houston 14th CA 1976) 543 S.W.2d 151, no writ. However, under the facts of the case at bar, we believe the admission of Appellant's written confession in evidence against her constituted a violation of due process. See Leach v. State (Houston 14th CA 1968) 428 S.W.2d 817, no writ; also 87 A.L.R.2d 624, Anno.: "Volun-

tariness and Admissibility of Minor's Confession."

For the reasons hereinabove stated, we reverse the trial court's judgment and remand the cause for a new trial.

REVERSED AND REMANDED.