968

## DARNELL v. STATE.
### No. 17580.

Court of Criminal Appeals of Texas.
March 20, 1935.

Sam Aldridge, of Farwell, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for burglary, punishment being two years in the penitentiary.

It is made known to the court by the affidavit of the sheriff who had custody of appellant pending his appeal that appellant escaped from jail. Under the provisions of article 824, C. C. P., amended by Acts 1933, c. 34 (Vernon's Ann. C. C. P. art. 824), such escape ousted this court of jurisdiction.

The appeal is dismissed.

## MARTIN v. STATE.
### No. 17465.

Court of Criminal Appeals of Texas.
March 27, 1935.

See, also, 70 S.W.(2d) 423.

Jack Varner, of Nacogdoches, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for one year.

Omitting the formal parts, the count of the indictment under which appellant was tried and convicted reads as follows: "Clarence Martin on or about the 8th day of April, A. D. 1933, and anterior to the presentment of this indictment in the County of Nacogdoches and State of Texas, did then and there unlawfully transport intoxicating liquor." For the reasons stated in Offield v. State (Tex. Cr. App.) 75 S.W.(2d) 882, the indictment is fundamentally defective.

The judgment is reversed and the prosecution ordered dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.