HOWARD BREWER V. THE STATE.

No. 18267.   Delivered June 3, 1936.
Rehearing Denied October 28, 1936.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for two years,

We find in the record a document denominated a "statement

of facts." It bears no certificate showing the approval of the trial judge. To warrant the consideration of the statement of facts, the approval of the trial judge is imperative. Steel v. State, 5 S. W. (2d) 517.

In the absence of a statement of facts we are unable to appraise the bills of exception.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—It is now satisfactorily shown that the failure of the trial court to approve the statement of facts in this case was through no fault of appellant or his counsel, and we accept the statement of the trial judge that it was through his oversight, and consider said statement of facts in connection with appellant's motion for rehearing.

Appellant's motion addresses itself chiefly to a claimed lack of testimony, though he renews his complaint of some of the other points raised in his original presentation of the case. We have again carefully gone over the facts, which show that appellant, a man twenty-two years of age, with his brother Billie Brewer, nineteen years of age, occupied a certain room at their home where also lived their father and mother and two small sisters. The testimony shows that on the night of the 30th of March the Handlemans store in Coleman, Texas, was burglarized and some ten suits of clothes were taken, along with ties, socks, hats and other articles. It is in testimony that appellant and his brother were in the store on the afternoon before the night of the burglary looking at clothes but made no purchases. On the 20th of April officers, armed with a search warrant, went to the home of Jack Brewer, appellant's father, and in the room of the house occupied by appellant and his brother they found two suits of clothes, a hat, some socks, ties, etc., which were identified by the employees of the alleged burglarized store as being part of the property taken on the night of the burglary. In one of the suits of clothes was stamped the name "H. Brewer" and in the other of said suits of clothes was stamped the name "B. Brewer." Appellant testified, but introduced no other member of his household to testify in his behalf. He introduced two witnesses, each of

whom testified to seeing a man with suits of clothes in a car apparently trying to sell them, in the city of Coleman, after the alleged burglary. On cross-examination each of appellant's witnesses admitted that he had been indicted for crimes, and appellant, while a witness, admitted he had pleaded guilty to theft of oats.

Possession of recently stolen property, which possession is not satisfactorily explained, is held by many authorities to furnish sufficient evidence to justify conviction for theft of said articles, or the burglary of a house from which such articles have been taken. Without reviewing in detail the testimony of each of the witnesses, we are fully satisfied that the jury were warranted in their conclusion of guilt of this appellant.

We have again examined in this connection all of the bills of exceptions in the light of their contents and the statement of facts. It was not erroneous for the court to permit the introduction before him of the search warrant under which the officers were operating when they searched the house occupied by appellant and found the alleged stolen property. Certainly there was no error in the admission of certain pants which were not stolen, but were in the stock of goods as extra pants to a suit of clothes which was stolen, the purpose of the introduction and identification of the pants being for identification of the alleged stolen suit by comparison of the goods. We see no error in permitting the State witnesses to identify the ties, socks, etc., found in appellant's room at the time of its search.

Being unable to agree with any of appellant's contentions, the motion for rehearing will be overruled.

*Overruled.*