541 S.W.2d 899 (1976)
In the Matter of M. A. G., a child, Appellant.
No. 1116.
Court of Civil Appeals of Texas, Corpus Christi.
September 30, 1976.
Rehearing Denied October 21, 1976.
G. Jaime Garza, Morin & Garza, Edinburg, for appellant.
F. M. Guerra, Jr., Asst. Dist. Atty., Edinburg, for appellee.

OPINION
NYE, Chief Justice.
This case is an appeal from a jury verdict declaring the appellant, M. A. G.,[1] to be a *900 delinquent and from the subsequent order of the Court placing the appellant in the custody of a correctional facility. The appellant has perfected her appeal from both the adjudication of delinquency and the disposition order to the correctional facility in Houston, Texas.
On April 2, 1975, M. A. G. was taken into custody by the juvenile authorities in the City of McAllen. She was charged with misdemeanor theft (31.03 Penal Code) and released to her mother's custody. At the time of the arrest, the juvenile was 15 years old. On January 21, 1976, an adjudication hearing was held and the jury returned a verdict that M. A. G. had engaged in delinquent conduct. Based on the jury verdict, the trial judge declared M. A. G. to be a delinquent child. On February 3, 1976, a disposition hearing was held and the trial judge ordered M. A. G. placed in the custody of the director of the Alternative House in Houston and placed M. A. G. on one year probation, subject to extensions not to exceed one year each until M. A. G. reached the age of eighteen. On February 6, 1976, M. A. G. left the Alternative House in Houston in violation of her probation and has to this date remained a fugitive. On March 22, 1976, the appellant's counsel filed a motion to suspend the disposition order and to grant a personal recognizance bond pending appeal. On May 11, 1976, the Clerk of this Court informed appellant's counsel that his motion was being held under advisement by the Court and that the Court would not rule on his motion until the appellant surrendered to the appropriate authorities.
The case was submitted on September 2, 1976. Appellant was questioned about his lengthy brief of 167 pages. The brief contained 80 points of error, many of which were rephrasing the same points over and over again into multiple points. The appellee had answered appellant's brief in 5 counter-points which in effect were the only points of error raised on the appeal. At the outset, the appellant informed the Court that he chose to argue only 3 specific points of error and that the brief would speak for itself for the remaining points. When questioned about his brief, the appellant admitted that his brief was unduly long (actually longer than the statement of facts) and apologized to the Court. The Court told the appellant that his brief was unacceptable and that it amounted to a flagrant violation of the briefing rules, specifically, Rule 418, T.R.C.P. He was then ordered to rebrief the case and was given 2 weeks in which to comply.
During oral argument, the Court also inquired as to the status of the appellant. The Court was informed by counsel for the appellant that M. A. G. was still a fugitive but had been in contact with her mother. The attorney for the appellant assured the Court that he did not know the whereabouts of the appellant. Whereupon the Court informed the appellant's attorney that unless she surrendered herself to the appropriate authorities two (2) weeks from this day (September 2, 1976), the appeal would be dismissed. Appellant's attorney informed the Court that he would attempt to get the message to the appellant through her mother.
On September 16, 1976, the appellant's attorney filed a new brief containing 5 points of error which was 25 pages in length. The first brief was ordered stricken for being in violation of Rule 418, and the second brief was accepted and duly filed by the Clerk of this Court.
We now discuss the propriety of a dismissal of this appeal. Appeals from juvenile proceedings constitute one of the extremely rare circumstances when a Court of Civil Appeals has any direct contact with a criminal proceeding. Although under § 51.17, Tex.Fam.Code Ann. (1975), a delinquency proceedings are governed by the Texas Rules of Civil Procedure, it has been made clear that the adjudication hearing under § 54.03, Tex.Fam.Code Ann. (1975), is governed *901 by many laws set out in the Code of Criminal Procedure and by criminal case law. For example, § 54.03(f) provides that the state must prove the child to be a delinquent beyond a reasonable doubt, substituting the criminal burden of proof for the civil burden of proof by a preponderance of the evidence. § 54.03(b)(3), which concerns the child's privilege against self-incrimination is governed by Art. 1.05 of the Code of Criminal Procedure. The child's right to trial and confrontation of witnesses is governed by Art. 1.05 of the Code of Criminal Procedure. See § 54.03(b)(4). Confessions by a child and a child's right to trial by jury are likewise governed by the Code of Criminal Procedure. See § 54.03(b)(6), Art. 1.12, T.C.C.P.; and § 54.03(e), Art. 38.22, T.C.C.P.
The United States Supreme Court as well as the Courts of this State have for a long time recognized that juvenile proceedings are quasicriminal in nature. Application of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). See In the Matter of B. D. A., 524 S.W.2d 550 (Tex.Civ.App., Amarillo 1975, no writ); Leach v. State, 428 S.W.2d 817 (Tex.Civ.App., Houston [14th Dist.] 1968, no writ); Choate v. State, 425 S.W.2d 706 (Tex.Civ.App., Houston [1st Dist.] 1968, no writ). Neither the Texas Family Code nor the Rules of Civil Procedure govern a situation where a juvenile escapes from custody and remains a fugitive during the pendency of an appeal. The Code of Criminal Procedure, Article 44.09, permits the Court of Criminal Appeals to dismiss an appeal if the defendant escapes from the custody of the authorities and remains a fugitive while the appeal is pending.
The United States Supreme Court recently overturned a ruling by the United States Court of Appeals for the 5th Circuit and held that the Texas Statute, Art. 44.09 of the Texas Code of Criminal Procedure, was constitutional. Estelle v. Dorrough, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975). In its opinion, the United States Supreme Court indicated that not only was Art. 44.09 constitutional, but that the policy of dismissing appeals while the defendant-appellant remained a fugitive was a long standing policy of the Supreme Court.
The United States Supreme Court in Molinaro v. New Jersey, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970) stated that "[n]o persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims." See Smith v. U.S., 94 U.S. 97, 24 L.Ed. 32 (1876); Bonahan v. Nebraska, 125 U.S. 692, 8 S.Ct. 1390, 31 L.Ed. 854 (1887); Eisler v. U.S., 338 U.S. 189, 69 S.Ct. 1453, 93 L.Ed. 1897 (1949). See also Brite v. State, 97 S.W.2d 232 (Tex.Cr.App.1936); Robertson v. State, 130 Tex.Cr. 299, 94 S.W.2d 168 (1936); Darnell v. State, 80 S.W.2d 968 (Tex.Cr.App.1935); Myers v. State, 38 S.W.2d 790 (Tex.Cr.App.1931).
We, therefore, believe that it is not only proper but necessary that we order this appeal dismissed. This Court recognizes that trial judges endeavor to place delinquent children on probation and in the custody of a variety of youth facilities other than the Texas Youth Council. Frequently, the security at these other facilities is deliberately kept at a minimum. To allow a juvenile to ignore the orders of the trial court on the one hand, and at the same time expect full relief from this Court on appeal on the other hand, would seriously jeopardize the authority and effectiveness of our juvenile courts who must deal with these problems on a daily basis. This we will not permit. We therefore order the appeal of M. A. G. dismissed.
We express no opinion as to the merits of appellant's appeal. However, if the appellant, M. A. G., should surrender to the appropriate juvenile authorities within 15 days after the opinion of this Court has been announced, then in such event, this Court may consider a motion to reinstate *902 the appeal as a part of a motion for rehearing.
NOTES
[1] Conforming to Section 56.01(j) which says: "Neither the child nor his family shall be identified in an appellate opinion rendered in an appeal or habeas corpus proceedings related to juvenile court proceedings under the title. The appellate opinion shall be styled, `In the matter of ...,' identifying the child by his initials only."