In the Matter of L. J. S., a Juvenile.

No. 8881.

Court of Civil Appeals of Texas, Texarkana.

Feb. 3, 1981.

James S. Moss, Cole & Moss, Bonham, for appellant.

William E. Gandy, County Atty., Richard D. Meehan, Asst. County Atty., Bonham, for appellee.

BLEIL, Justice.

This is an appeal from a modification of a juvenile court disposition order revoking probation previously granted to a child who had been determined to have engaged in delinquent conduct. The State has moved to dismiss the appeal on the basis of the child's escape from custody.

The issues are whether the appeal should be dismissed, and, if not, whether the trial court's modification of the disposition order was supported by the evidence.

On October 4, 1979, L. J. S.[1] was determined to be a child who had engaged in delinquent conduct and placed on probation by the 6th Judicial District Court of Fannin County, Texas, sitting as a juvenile court. No appeal was taken from that determination or disposition.

On April 15, 1980, and after a hearing to modify disposition, the probation previously granted was revoked on a finding that the child had violated probation by committing an offense under the laws of the State of Texas, by intentionally and knowingly operating a golf cart without the effective consent of the owner. The disposition previously made was modified so as to commit the child to the Texas Youth Council. On September 14, 1980, the child escaped from the custody of the Texas Youth Council and was recaptured in Bonham, Texas, on September 24, 1980.

The child appealed from the revocation urging that the evidence is insufficient to establish either proper venue or that the child operated a golf cart. The State has moved to dismiss the appeal on the basis of the Texas Code of Criminal Procedure Annotated, Article 44.09, which permits dismissal of an appeal in a criminal case if the

defendant escapes from the custody of authorities and remains a fugitive during the pendency of appeal. The State's motion is considered first.

The Tex. Family Code Ann. § 51.17 explicitly provides that proceedings concerning delinquent children are governed by the Texas Rules of Civil Procedure. Many of the rights and other procedural matters such as those relating to the child's privilege against self incrimination, confessions, and right to trial by a jury are all governed by the Code of Criminal Procedure.

The United States Supreme Court has recognized that juvenile proceedings are quasi-criminal in nature. *Application of Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). Neither the Texas Family Code Annotated nor the Texas Rules of Civil Procedure govern a situation where a juvenile escapes from custody and remains a fugitive pending an appeal. Noting this, the court in *In The Matter of M. A. G., A Child,* 541 S.W.2d 899 (Tex.Civ.App. Corpus Christi 1976, writ ref'd n.r.e.), held that Article 44.09 is applicable to proceedings involving delinquent children.

Article 44.09 of the Code of Criminal Procedure, entitled Escape Pending Appeal, provides that,

"If the defendant, pending an appeal in the felony case, makes his escape from custody, the jurisdiction of the Court of Criminal Appeals shall no longer attach in the case. Upon the fact of such escape being made to appear, the court shall, on motion of the State's attorney, dismiss the appeal; but the order dismissing the appeal shall be set aside if it is made to appear that the defendant has voluntarily returned within ten days to the custody of the officer from whom he escaped; ...".

In *M. A. G.* the court held that where the child had remained a fugitive for approximately six months and was still at large at the time of oral argument, the child's ap-

---

1. In accordance with § 56.01(j), Tex. Family Code Ann., neither the child nor his family are *identified in this opinion.*

peal should be dismissed. Apparently the court viewed Article 44.09 as being discretionary as applied to juvenile proceedings because that court indicated that it would consider a motion for reinstatement of the appeal if M. A. G. surrendered to juvenile authorities within 15 days after the court's opinion.

 In *M. A. G.* policy reasons dictated the court's dismissal in order to prevent seriously jeopardizing the authority and effectiveness of juvenile courts. In the instant case the child did escape but was recaptured after 10 days and thereafter remained in the custody of the Texas Youth Council. Keeping in mind the necessity to protect the authority of juvenile courts, there also exist policy reasons which dictate that all doubts be resolved in favor of children who are parties to juvenile proceedings. Upon consideration of such policies and the facts in this particular case, this Court feels the State's motion to dismiss should be denied.

The appellant raises two points of error contending that the evidence is insufficient to prove either venue in Fannin County, Texas, or that appellant, L. J. S., operated a golf cart as alleged in the motion to modify. At the hearing to modify the disposition, the court was required to find beyond a reasonable doubt that the child violated a reasonable and lawful order of the court, in order to modify such disposition so as to commit the child to the Texas Youth Council. Tex. Family Code Ann. § 55.05(f).

 The evidence in this matter included the testimony of an eye witness who was the owner and golf professional at the Quail Hollow Golf Club in Bonham, Texas. Testimony indicated that the Quail Hollow Golf Club was located in Bonham, Fannin County, and that the witness was at the golf course on March 21, 1979, as alleged in the state's motion to modify disposition. He testified to having seen four young men taking four golf carts from the club house and driving them on a road. In court, the witness identified one of those individuals who actually operated a cart as L. J. S. A review of the transcript of the hearing pro-

ceedings indicates that there was sufficient evidence from which the court could find beyond a reasonable doubt that the child did commit the offense as alleged under the laws of the State of Texas.

The State's motion to dismiss the appeal is denied and the judgment of the juvenile court is affirmed.