## FRANK CINADR V. THE STATE.

No. 11169.  Delivered November 23, 1927.

**1.—Needlessly Killing an Animal—Statute Held Unconstitutional.**

Apellant was prosecuted and convicted, charged with "needlessly killing one hog," under Art. 1374, P. C. 1925. The definition of this offense, as contained in this article of our statute, must be held insufficient, and the law therefore invalid.

**2.—Same—Continued.**

Art. 1, Sec. 10, of the Constitution of Texas says: "The accused shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof."

**3.—Same—Continued.**

Art. 6 of our Penal Code of 1925 reads: "Whenever it appears that a provision of the penal law is so indefinitely framed or of such doubtful construction that it cannot be understood, either from the language in which it is expressed or for some other written law of the state, such penal law shall be regarded as wholly inoperative."

**4.—Same—Continued.**

That it is within the power of the state to protect the owner of animals from brutality or wanton abuse or destruction is a principle of law thoroughly established through the decisions of this and other jurisdictions. See Ruling Case Law, Vol. 1, Secs. 108-111; Vernon's Tex. P. C. 1925, Vol. 3, Title 17, Chaps. 11 and 12.

**5.—Same—Continued.**

Such statutes, however, where the attempt is made to denounce an act as a crime, must select language with a degree of certainty such as will not fall short of the requirements of Art. 6, supra. See Sogdell v. State, 81 Tex. Crim. Rep. 66, and other cases cited.

Appeal from the County Court of Lavaca County. Tried below before the Hon. C. L. Stavinoha, Judge.

Appeal from a conviction for needlessly killing a hog, penalty a fine of $10.00.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is needlessly killing an animal, punishment fixed at a fine of $10.00.

The charging part of the information reads thus: "Did needlessly kill one hog." In the Penal Code are found several statutes protecting animals. In Art. 1371 the keeping of a dog accustomed to attacking other animals named in the statute is forbidden. Art. 1372 forbids the owner of premises under an insufficient fence from injuring by the means named in the statute animals getting into his enclosure. Art. 1373 is directed against one who kills or wounds an animal with intent to injure the owner thereof. Art. 1375 forbids the mistreatment of impounded animals. Art. 1376 forbids cruelty to fowls, poultry and other birds in transportation. Other statutes on the subject, without application to the present matter, are found in Chapter 12, Title 17, P. C., 1925, notably Articles 1462 and 1467.

Art. 1374, upon which the present prosecution rests, so far as it relates to the offense, declares that whoever needlessly kills an animal is guilty of an offense. The statute names a number of other offenses in which the language chosen is probably not subject to the criticism that it is indefinite. The appellant insists that the term "needlessly killing an animal" is indefinite to a degree that it fails to meet the constitutional and statutory provisions requiring that one charged with an offense be informed of its nature. In Art. 1, Sec. 10, of the Constitution of Texas, it is said:

"The accused shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof."

In Art. 6 of the Penal Code (1925) it is said:

"Whenever it appears that a provision of the penal law is so indefinitely framed or of such doubtful construction that it cannot be understood, either from the language in which it is expressed, or from some other written law of the state, such penal law shall be regarded as wholly inoperative."

The language chosen in the statute under consideration to define the offense of which the appellant is convicted is not deemed such as to meet the requirements of the statutory and constitutional provisions quoted. There are statutes in this state expressly sanctioning the killing of wild animals and fowls (which are likewise animals) for sport, and the right of property in domestic animals is not open to question; nor is the exercise of judgment by the owner to slaughter such animals the proper subject of legislative restriction such as would follow an application of the language in question. It is within the power of the state to protect animals from brutality or wanton abuse or destruction, and to protect the owner of animals against mistreatment is a principle of law thoroughly established through the decisions of this and other jurisdictions. See Ruling Case Law, Vol. 1, Secs. 108-111, and cases cited in the notes. As we have indicated above, in our law is found a number of statutes directed to the end mentioned and many decisions upholding them. See Vernon's Tex. P. C., 1925, Vol. 3, Title 17, Chapters 11 and 12. Such statutes, however, where the attempt is made to denounce an act as a crime, must select language with a degree of certainty such as will not fall short of the requirements of Art. 6, supra. The principle of law upon which the conclusion stated is found is exemplified in many decisions of this state. Among them are Sogdell v. State, 81 Tex. Crim. Rep. 66; Griffin v. State, 86 Tex. Crim. Rep. 498; Ex Parte Slaughter, 92 Tex. Crim. Rep. 213; Wimberly v. State,

98 Tex. Crim. Rep. 152, and cases therein cited; also Russell v. State, 88 Tex. Crim. Rep. 512; Ex Parte Humphrey, 92 Tex. Crim. Rep. 502; Dockery v. State, 93 Tex. Crim. Rep. 220; Ex Parte Von Koenneritz, 97 Tex. Crim. Rep. 294; Overt v. State, 97 Tex. Crim. Rep. 202, and cases therein cited.

The judgment is reversed and the prosecution is ordered dismissed.

*Reversed and dismissed.*