

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 6, 1973

Honorable Bryan Davis
County Attorney, Nacogdoches County
P. O. Box 736
Nacogdoches, Texas 75961

Opinion No. H- 56

Re: Whether the shooting of
live pigeons as targets only,
and not for food, is unlawful.

Dear Mr. Davis:

You have requested our opinion as to whether the holding of a
pigeon shoot, in which the birds are released as targets, after first
having their tail feathers plucked out to effect an erratic mode of
flight, violates 1374, Vernon's Texas Penal Code. You state in
your request that the pigeons used in the "shoot" are not "wild
pigeons" defined as game birds under Article 872, V. T. P. C.

Article 1374 reads:

"Whoever overdrives, willfully overloads, drives
when overloaded, overworks, tortures,torments,
deprives of necessary sustenance, unnecessarily or
cruelly beats, or needlessly mutilates or kills any
animal, or carries any animal in or upon any vehicle,
or otherwise, in a cruel or inhumane manner, or
causes or procures the same to be done, or who
having the charge or custody of any animal unnecessarily
fails to provide it with proper food, drink, or cruelly
abandons it, shall be fined not exceeding two hundred
dollars. As used in this article the word 'animal' in-
cludes every living dumb creature, and the word
'torture' and 'cruelly' includes every act, omission
or neglect whereby unnecessary or unjustifiable pain
or suffering is caused, permitted or allowed to con-
tinue when there is a reasonable remedy or relief."
(Emphasis added)

The Honorable Bryan Davis, page 2   (H-56)


There are no Texas cases in which Article 1374 has been applied to the
shooting of animals for amusement.   By far the greater number of cases
involving the statute are those growing out of shooting of trespassing
animals.   Such, apparently, were the facts which led to the case of
Cinadr v. State,  300 S. W.  64 (Tex. 1927) where the defendant was charged
with an information which read:  "did needlessly kill one hog. "  The
Court of Criminal Appeals recognizing  that there were statutes expressly
sanctioning the killing of wild animals and fowls for sport and further recog-
nizing that the exercise of judgment by the owner of a domestic animal in
determining to slaughter the animal was not the proper subject of legis-
lative restriction, held that the language "needlessly . . . kills any animal"
was too vague to be enforceable and violated Article 1, Section 10 of the
Texas Constitution.

The Cinadr opinion however is important in that (1) it apparently
recognized that birds are animals within the definition of the statute and
(2) it expresses, by way of dictum, that other offenses defined by the
statute are not subject to the same criticism.

The Court said:

"It is within the power of the State to protect
animals from brutality or wanton abuse or destruction,
and to protect the owner of animals against mistreat-
ment as a principle of law thoroughly established
through the decisions of this and other jurisdictions. . . ."
(300 S. W. at 65)

Eliminating prohibited acts of Article 1374 which obviously do not
apply to the facts at hand, the basic question remaining is whether it is
a violation of the Article to remove some of the tail feathers from a pigeon
and then shoot it in a manner which may or may not result in its immediate
death.   Does this constitute "torturing, " "tormenting, " or to "needlessly
mutilate? "  The Act defines the term torture to include " . . . every
act . . . whereby unnecessary or unjustifiable pain or suffering is
caused, permitted or allowed to continue when there is a reasonable
remedy or relief. "  In common parlance "torture" and "torment" have
virtually the same meaning, i. e. , to cause intense suffering.   To muti-

late means to cut off or permanently destroy a limb or essential part of a body or to cut up or alter radically a body so as to make it imperfect.

We have found no other Texas decision which would help in deciding the question presented. The only decisions from other states which we have found, such as State v. Bogardus, 4 Mo. App. 215 (1877); Common-wealth v. Lewis, 21 A 396 (Pa. 1891) and Waters v. People, 46 P. 112 (Col. 1896), are of little assistance.

It is our opinion that a Texas court if directly faced with the question would hold that Article 1374, V. T. P. C., is sufficiently specific and is constitutional insofar as it outlaws the torturing, tormenting and needlessly mutilating of animals.

As difficult as it may be to determine the meaning of "torture," "torment," and "needlessly mutilate," it is even more difficult to determine specifically whether a pigeon shoot is prohibited by the statute. Certainly, however, the statute does not authorize mutilation of pigeons before killing them.

Whether or not people participating in a particular pigeon shoot violate the law ultimately will be a question for jury determination. It would be improper for us to pass judgment and to declare them guilty or not guilty of a criminal charge without a trial on the merits.

It is our opinion, however, that the facts as described by you in your letter would be held sufficient to uphold a conviction of violation of Article 1374, V. T. P. C..

## SUMMARY

Although each case must be determined upon it own facts, where the tail feathers of pigeons are plucked to cause their flight to be erratic, they are thrown in the air, shot and left to die, the facts are sufficient to support a conviction for torturing, tor-

menting and or needlessly mutilating an animal in violation of Article 1374, Vernon's Texas Penal Code.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee