**Simmie McCALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 52122.

Court of Criminal Appeals of Texas.

Sept. 15, 1976.

718

Henry J. Anderson, County Atty., Wichita Falls, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

This is an appeal from a conviction for cruelty to animals under V.T.C.A. Penal Code, Section 42.11. Appellant was tried before a jury which found him guilty. Punishment was assessed by the trial court at three hundred-fifty dollars ($350) fine and ninety (90) days in the Wichita County jail. Imposition of sentence was suspended and appellant was placed on probation for a period of one year.

The record reflects that Miss Tony DeStefano, a member of the Humane Society of Wichita Falls, went to a plot of property in that city which was under the control of appellant. Appellant was keeping approximately twelve dogs on the property and, based on her observation of the animals, Miss DeStefano filed a complaint with the Wichita County Attorney alleging that the animals were not being property cared for. Appellant was charged by information with intentionally and knowingly failing unreasonably to provide necessary food and care for an animal in his custody, to-wit: one Harlequin Great Dane dog. Miss DeStefano stated that she returned to appellant's property and with the help of other members of the Humane Society took all of the animals into custody and removed them to the Society's animal shelter where they were fed and treated for tick infestations and various other symptoms. At the trial the State introduced testimony of two local veterinarians who participated in the treatment of the animals. Both men testified that they observed symptoms of severe malnutrition, anemia and parasitic infestation in all of the animals. They also stated that in their opinion the animals had not been properly cared for. Based on all of the evidence, the jury returned a verdict of guilty.

Milton E. Douglas, Jr., Wichita Falls, for appellant.

In his first ground of error appellant challenges the constitutionality of V.T.C.A.

Penal Code, Section 42.11. Specifically, appellant contends that Section (a)(2) is unconstitutionally vague and indefinite. That portion of the statute states that:

"(a) a person commits an offense if he intentionally or knowingly:

"(2) fails unreasonably to provide necessary food, care, or shelter for an animal in his custody;"

Appellant relies on the case of *Cinadr v. State,* 108 Tex.Cr.R. 147, 300 S.W. 64 (1927) for the proposition that Article 1374 under the Penal Code of 1925 was unconstitutionally indefinite. That statute made it an offense to "overdrive," "torture," or "needlessly mutilate or kill" any animal. It also stated that a person committed an offense if "having the charge or custody of any animal" he "unnecessarily fails to provide it with proper food, drink, or cruelly abandons it." This Court did not, as appellant contends, strike down the entire statute.

The defendant in *Cinadr,* supra, was charged and convicted under the clause of the statute which condemns "needlessly killing" an animal. This Court held that "the language chosen in the statute under consideration to define the offense of which the appellant is convicted is not deemed such as to meet the requirements of the statutory and constitutional provisions" requiring a penal statute to be framed so as to apprise an accused of the nature of the offense with which he is charged. However, this Court further stated that the statute named a "number of other offenses in which the language chosen is probably not subject to the criticism that it is indefinite."

It was only that portion of the statute which referred to "needlessly killing" an animal which was held unconstitutional. Although the decisions applying Article 1374 are not numerous, this Court subsequently upheld other provisions of the statute in decisions after *Cinadr,* supra. *Barnett v. State,* 117 Tex.Cr.R. 358, 35 S.W.2d 441 (1932). The statute was subsequently repealed upon passage of the new penal code provisions which enumerate six specific offenses under the heading of "Cruelty to Animals." Section (a)(2) quoted above is substantially the same as that portion of Article 1374 which condemned a person "having the charge or custody of any animal" who "unnecessarily fails to provide it with proper food, drink or cruelly abandons it." We find that Section (a)(2) sufficiently informs an accused of the nature and cause of the accusation against him and that it is not unconstitutionally indefinite.

Appellant's first ground of error is overruled.

In his second ground of error appellant contends that the "search" of his property by the Humane Society and the subsequent "seizure" of the animals violated his Fourth Amendment rights and that the admission into evidence of photographs of the animals was error because such photographs were the fruits of an illegal search and seizure.

We note that State's exhibits one through five depicting the Harlequin Great Dane named in the information were introduced during the direct examination of Miss DeStefano and were admitted without objection by appellant. At the end of direct examination, the court excused the jury for lunch and appellant asked that Miss DeStefano be retained on the witness stand so that appellant could develop the facts surrounding the "search and seizure" of the animals. A hearing was held out of the presence of the jury during which Miss DeStefano stated that she had received a telephone complaint about the animals and that she and another Humane Society member went to the scene on April 15 and walked about the property examining the animals. She then went to the county attorney to "see what he could do about it." The complaint and information were filed on April 23. On that same day, the animals were seized.

■ Following this hearing appellant filed his motion to suppress exhibits one through five, which the trial court properly overruled. It is clear that appellant's motion to suppress the photographs of the Great Dane was not timely and that appellant waived his complaint as to their admissibility. *McGrew v. State,* 523 S.W.2d 679

(Tex.Cr.App.1975); *Allen v. State*, 536 S.W.2d 364 (Tex.Cr.App.1976); *Sonderup v. State*, 418 S.W.2d 807 (Tex.Cr.App.1967).

Appellant later took the stand and testified that the dogs belonged to him and that he cared for them and that he and his son fed them daily and sometimes two or three times daily. He stated that he used tick insecticide, ointments, and antibiotics to treat the animals he thought were ill. He said that he thought the Great Dane had distemper and that he was treating her with antibiotics and that she would not eat for this reason.

Miss DeStefano was recalled to the stand so that the State could offer into evidence exhibits six through twenty which were photographs of several other dogs. These dogs were also in an emaciated condition and were located on appellant's property with the Great Dane. Before the offer of these exhibits appellant again requested a hearing outside the presence of the jury and, anticipating the introduction of the photographs, objected on the basis that they portrayed "uncharged misconduct" and were, therefore, inadmissible. The State responded that the photographs were admissible as extraneous offenses to show intent. The trial court overruled appellant's objections and the photographs were admitted to show appellant's intent. Appellant was granted a continuing objection to the photographs based on the court's ruling. The first of these photographs was introduced and then appellant asked the court if he had a continuing objection "as made earlier today concerning the Great Dane . . . concerning the seizure." The court's response was "oh, yes you may."

■ Appellant now complains on appeal that the introduction into evidence of exhibits six through twenty was error because they (a) constituted extraneous offenses and (b) they were the result of an illegal search and seizure. Appellant presents no authority to support contention (a) and, indeed, the great weight of authority is contrary to appellant's contention. Whether appellant intentionally failed to care for the animals became a contested issue by the

appellant's testimony. The rebuttal testimony and photographs of the other animals were clearly admissible. *Allen v. State*, 533 S.W.2d 352 (Tex.Cr.App.1976) and cases cited therein.

This brings us to the question of whether this evidence was illegally obtained. First, we note that the "search" on April 15 and the "seizure" on April 23 were both conducted by the Humane Society or persons acting in their capacity as members of the society and not by police officers. Miss DeStefano testified that the county attorney advised her that the Humane Society was authorized to seize the animals under Art. 184, V.A.C.S. The statute was repealed after the seizure of the animals in the instant case, but appellant concedes that Miss DeStefano may have had the authority to take charge of the animals. It is appellant's contention that once the animal is properly seized by a "civil authority" for the purpose of protecting the life of the animal, any evidence concerning the animal would not be admissible in a criminal proceeding. To allow the admission, appellant contends, would place the civil authority under Article 184 in direct conflict with the constitutional rights guaranteed under the Fourth Amendment. It is the determination of this Court that the search in the instant case was not unreasonable.

■ We find that in the present case a police officer could have done what Miss DeStefano did. It is well recognized that the Fourth Amendment protects people and not places. What a person knowingly exposes to the public is not subject to Fourth Amendment protection. *Long v. State*, 532 S.W.2d 591 (Tex.Cr.App.1976); *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). A search means, of necessity, a quest for, a looking for, or a seeking out of that which offends against the law. This implies a prying into hidden places for that which is concealed. It is simply not a search to observe that which is open to view. *Turner v. State*, 499 S.W.2d 182 (Tex.Cr.App.1973); *Long*, supra.

■ Appellant kept the dogs in an open field clearly in view of neighbors and pass-

ersby. If it was apparent that the animals were not being properly cared for in possible violation of the law, it was not unreasonable to go onto the property and seize them and the introduction into evidence of photographs of the animals was not error.

Appellant's second ground of error is overruled.

In his third ground of error appellant contends that the trial court erred in permitting a veterinarian, the State's expert witness, to testify that, in his opinion, the Great Dane had not been cared for properly. Appellant's objection to the testimony is that it invades the province of the jury, an objection which we have previously held to be "long dead." *Cox v. State*, 523 S.W.2d 695 (Tex.Cr.App.1975); *Hopkins v. State*, 480 S.W.2d 212 (Tex.Cr.App.1972). There was no other objection made at the trial, for example, that the testimony was a "conclusion of law" and, therefore, nothing more is presented for review.

Appellant's third ground of error is overruled.

In his final ground of error, appellant complains of jury argument by the prosecutor to the effect that "the people of this community will know what your verdict is" and that he was "shoving the ball" into the hands of the jury and that "a law cannot be enforced without the action of this jury." Appellant contends that such statements are more than a mere plea for law enforcement.

Appellant's contention is without merit. The argument is substantially the same as that approved by this Court in *Smith v. State*, 418 S.W.2d 683 (Tex.Cr.App.1967). See also *Luna v. State*, 461 S.W.2d 600 (Tex.Cr.App.1971).

The judgment is affirmed.

Opinion approved by the Court.