Jose Jesus **MEJIA** and Jose Refugio **Mejia, Appellants,**

v.

**The STATE of Texas, Appellee.**

**Nos. C14–83–498–CR, C14–83–499–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 23, 1984.

Rehearing Denied March 22, 1984.

Discretionary Review Refused Oct. 31, 1984.

■

Bradford Yock, Houston, for appellants.

Calvin Hartmann, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

JUNELL, Justice.

Each of the appellants was charged with the misdemeanor offense of intentionally and knowingly causing animals, namely game roosters, to fight in violation of TEX. PENAL CODE ANN. § 42.11(a)(6) (Vernon 1982).

Appellants filed identical applications for writ of habeas corpus for pre-conviction relief, claiming there is no valid statute under which they may be charged. The trial court issued each writ and then held one hearing on both applications. Following the hearing the court denied the requested relief and refused to discharge appellants from prosecution. Both appellants appeal from the trial court's ruling, and their appeals have been consolidated for our disposition. We affirm.

Appellants present two grounds of error. The first ground contends there was error in the trial court's refusal to discharge the appellants as there was allegedly no valid law under which they could be held.

Appellants make two arguments under ground of error one. First, they urge that neither Sections 42.11(a) nor 42.11(b) was intended or is sufficient to prohibit cockfighting or causing game roosters to fight.

Appellants argue that the inclusion of TEX. PENAL CODE art. 613 (repealed 1974) in the 1925 version of the Penal Code showed a prior distinction between animals and fowls, a distinction they believe is still continued by the legislature today. A portion of that 1925 article reads thus:

> Any person who shall match or be concerned in matching any cock fight or who shall match or be concerned in matching or causing a fight between any animals or fowls, ... shall be fined not less than ten nor more than one hundred dollars.

Two years later the Texas Court of Criminal Appeals in *Cinadr v. State*, 108 Tex. Crim. 147, 300 S.W. 64 (1927), made this statement in a case on needlessly killing an animal: "There are statutes in this state expressly sanctioning the killing of wild animals and fowls (*which are likewise animals*) for sport...." (emphasis added). It would appear that, even under the former penal code, fowls were deemed animals.

Likewise, we see the recent revision of the penal code as consolidating several previous statutes protecting animals, e.g. articles 613 (matching cock fight), 1373 (maiming, wounding or disfiguring domesticated animals), 1373a (killing certain domestic an-

imals), 1374 (cruelty to animals), 1375 (cruelty to impounded animals), 1376 (cruelty to fowls and poultry) and 1377a (killing, injuring, or molesting Antwerp Messenger or homing pigeons).

We view the new cruelty to animals statute as a concise consolidation of previous scattered statutes on cruelty to animals in general and of certain types of animals in particular. This consolidation was a part of the general scheme of revision. The new code reduced over 1700 articles to about 230 sections, slashed over 70 articles on theft to a workable 10, and simplified 57 articles on official misconduct to only 3 new sections.

Appellants also call our attention to a law recently enacted: Dog Fighting Act, ch. 305, 1983 TEX.GEN.LAWS 1610. They propose that the passage of that act, now Section 42.111 of TEX.PENAL CODE ANN., proves that the legislature has recognized the vagueness of Sec. 42.11. However, as appellee points out, the recent enactment covers many items other than just causing one dog to fight with another; it also includes, among other activities, the following: (1) participating in the earnings of a facility used for dog fighting, (2) enhancement of penalties for specified activities connected with dog fighting, (3) compulsion of testimony from certain people, and (4) defenses peculiar to fights between dogs.

■ Appellants also contend there is no valid law under which they could be prosecuted as Sec. 42.11 is unconstitutionally vague and violates due process under TEX. CONST. art. I, § 19 and under U.S. CONST. amends. V and XIV. Appellants remind this court that no man should be held criminally responsible for conduct which he cannot reasonably understand to be proscribed. *See Palmer v. City of Euclid*, 402 U.S. 544, 91 S.Ct. 1563, 29 L.Ed.2d 98 (1971). Even though we agree the above concept is well established, we find ourselves unable to take the next step they suggest and hold that the term "animal" as defined in TEX.PENAL CODE ANN. § 42.-11 or the phrase "causing one animal to fight with another" contained therein is unconstitutionally vague.

We find the wording of TEX.PENAL CODE ANN.: § 42.11 (Vernon 1982) to be quite clear. We quote in pertinent part:

(a) A person commits an offense if he intentionally or knowingly:

(1) tortures or seriously overworks an animal;

(2) fails unreasonably to provide necessary food, care, or shelter for an animal in his custody;

(3) abandons unreasonably an animal in his custody;

(4) transports or confines an animal in a cruel manner;

(5) kills, injures, or administers poison to an animal, other than cattle, horses, sheep, swine, or goats, belonging to another without legal authority or the owner's effective consent; or

(6) causes one animal to fight with another.

. . . . .

The statute also includes the following definition of "animal":

For purposes of this section, "animal" means a domesticated living creature and wild living creature previously captured. "Animal" does not include an uncaptured wild creature or a wild creature whose capture was accomplished by conduct at issue under this section.

For guidance in code construction we turn to TEX.REV.CIV.STAT.ANN. art. 5429b–2, §§ 3.01, 3.03 (Vernon 1982). Those sections point out that in enacting a statute, it is presumed a "just and reasonable result is intended" and that, in construing a statute, a court may consider such factors as the object sought to be attained, the circumstances under which it was enacted, and the legislative history. *Id.* The Committee Foreword to the 1970 proposed penal code pamphlet listed as the one of its major objectives consolidating, simplifying, and clarifying the substantive law of crimes. TEX.PENAL CODE ANN., XXIV, interp. commentary (Vernon 1974).

We overrule the first ground of error.

In ground of error number two, appellants argue that the trial court erred in refusing to consider the testimony of their witness, Dr. Charles McGaghy, a sociology professor who had done specific research in the area of cockfighting. During the hearing on the Writ of Habeas Corpus for pre-conviction relief regarding the constitutionality of the statute, appellants wanted to offer McGaghy's testimony into evidence. Upon inquiry the court learned that the purpose of McGaghy's testimony would be to show that cockfighting is not generally thought of as an illegal activity.

The trial judge denied the request to have McGaghy's testimony entered into evidence but granted appellants' request to perfect a bill of exceptions in order to make his testimony a part of the record.

After examining the court reporter's notes of that testimony, we agree with the trial court's decision that such testimony was irrelevant. Even though a bill of exceptions may be properly preserved for appellate review, it must still plainly demonstrate the error of which it complains. *See Herrin v. State,* 525 S.W.2d 27 (Tex. Crim.App.1975) and 5 TEX.JUR. 3rd *Appellate Review* § 395 (1980). In his testimony McGaghy traced the history of cockfighting from its beginning 3000 years ago in India. He stated that its illegality has been a recent phenomenon. He also stated that most of the legislative enactments in the United States on cruelty to animals in this century specify cocks.

Appellants expand this line of reasoning in their briefs by quoting statutes from twenty-eight other states which specifically use the word "cockfighting" despite the existence of general cruelty to animal prohibitions in their state statutes. While we find the results of appellants' research edifying, we do not feel that it is material to a determination of the case at bar.

We overrule appellants' second ground of error.

The order of the trial court denying each appellant the requested discharge from further prosecution is affirmed.