**Leonard LOPEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–85–00444–CR.**

Court of Appeals of Texas,
San Antonio.

Oct. 31, 1986.

Rehearing Extension Denied
Dec. 3, 1986.

Douglas S. Daniel, San Antonio, for appellant.

Sam Millsap, Jr., Kate Feiner, Edward F. Shaughnessy, III, Criminal Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, CANTU and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from a conviction for cruelty to an animal. TEX.PENAL CODE ANN. § 42.11(a)(4) (Vernon Supp.1986). Defendant was found guilty in a non-jury trial, and the court assessed punishment at five days' confinement and a $50.00 fine, probated for six months. The defendant attacks the sufficiency of the evidence and the constitutionality of the statute. We affirm.

The evidence established that the defendant and his wife went to a movie theatre in San Antonio on the afternoon of July 21, 1985. While attending the movie, the defendant left his dog in his automobile which was parked in the direct sun in the theatre parking lot. The windows of the automobile were left open approximately an inch and one-half on each side. The automobile had a tinted glass "T-Top" which allowed the sun to shine directly through the roof into the interior of the vehicle. The testimony was that it was a very hot, sunny, dry day. The defendant returned to check on the dog once during its period of confinement. An officer testified that when the doors to the car were opened, "it was hot, very hot inside the car." And it was definitely hotter inside the car than it was outside the car.

The information alleged that the defendant on the date in question "did then and there intentionally and knowingly confine an animal, to-wit: a dog in a cruel manner, by confining said dog in an automobile without adequate venilation."

■ The first ground of error alleges that the trial court erred in rendering a verdict of guilty because the evidence was insufficient to support a conviction for the offense of cruelty to animals. We agree.

The defendant contends that since there was no direct evidence indicating what would constitute adequate ventilation for the dog under the circumstances, that this would be a case based on circumstantial evidence. Further, in circumstantial evidence cases the evidence is insufficient if the circumstances do not exclude every reasonable hypothesis except that of the guilt of the accused. *Wilson v. State*, 654 S.W.2d 465, 467 (Tex.Crim.App.1983).

The standard for review for sufficiency of the evidence is the same in both direct and circumstantial cases. The standard is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 563 (1979); *Chambers v. State*, 711 S.W.2d 240, 245 (Tex.Crim.App. 1986). The exclusion of outstanding reasonable hypothesis analysis is part of the same mental process that a rational trier of fact would employ in logically analyzing any circumstantial evidence case. *Id.* Applying the above standard to the evidence set out we conclude that the trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The first ground of error is overruled.

■ The defendant's second ground of error is that the trial court erred in not granting the motion for acquittal because the evidence was insufficient to support a conviction. After the trial court overruled the defendant's motion for instructed verdict, the defendant testified in his own behalf. By presenting defensive evidence before the court the defendant waived any review of the trial court's action on the motion for an acquittal. *Kuykendall v. State*, 609 S.W.2d 791, 794 (Tex.Crim.App. 1980).

■ Under his final ground of error the defendant contends that the statute on which the information was based is unconstitutionally vague and overbroad in violation of the Fifth and Fourteenth Amendments of the U.S. Constitution.

Section 42.11 of the Texas Penal Code reads in pertinent part:

(a) A person commits an offense if he intentionally or knowingly:

\*   \*   \*   \*   \*   \*

(4) transports or confines an animal in a cruel manner.

TEX.PENAL CODE ANN. § 42.11(a) (Vernon Supp.1986).

Penal statutes must be drafted so that ordinary people can understand what conduct is prohibited, and in a manner that does not encourage arbitrary and discriminatory enforcement. *Clark v. State*, 665 S.W.2d 476 (Tex.Crim.App.1984). To pass constitutional muster, a statute must give persons of ordinary intelligence fair notice that their contemplated conduct is forbidden. *United States v. Greene*, 697 F.2d 1229 (5th Cir.1983), *cert. denied*, 463 U.S. 1210, 103 S.Ct. 3542, 77 L.Ed.2d 1391 (1983).

In *McCall v. State*, 540 S.W.2d 717, 719 (Tex.Crim.App.1976) the Court of Criminal Appeals held that subsection (a)(2) of section 42.11 sufficiently informed an accused of the nature and cause of the accusation against him that it would not be unconstitutionally indefinite. *Mejia v. State*, 681 S.W.2d 88 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd) involved an alleged violation of subsection (6), causing one animal to fight with another. However, the appellant there attacked all of section 42.11 as constitutionally vague and violative of due process under TEX. CONST. art. I, § 19 and U.S. CONST. amend. V & XIV. The court said, "We find the wording of TEX. PENAL CODE ANN. § 42.11 (Vernon 1982) to be quite clear." *Mejia*, 681 S.W.2d at 90. The court then quoted the entire statute including subsection (a)(4). The court overruled the challenge that the statute was unconstitutionally vague.

We likewise conclude that the terms of section 42.11(a)(4) have a meaning which may be understood by a person of ordinary intelligence and give fair notice of conduct which may be subject to prosecution under this statute. The third ground of error is overruled.

The judgment of conviction is affirmed.

ESQUIVEL, Justice, dissenting.

I respectfully dissent.

This is an appeal from a conviction for cruelty to an animal. TEX.PENAL CODE § 42.11(a)(4) (Vernon Supp.1986). The defendant attacks the sufficiency of the evidence and the constitutionality of the stat-

ute. I would reverse because the evidence is insufficient to support the conviction.

The undisputed facts show that the appellant and his wife went to a movie theatre and left the dog in their automobile which was parked in the theatre parking lot. Admittedly, there was evidence that it was a very hot day. However, the State's burden under the "information" was to prove beyond a reasonable doubt that the dog was confined in an automobile without adequate ventilation.

The information charged appellant under Section 42.11 of the Texas Penal Code with intentionally and knowingly confining an animal in a cruel manner. The information also contained excess language: "by confining said dog in an automobile without adequate ventilation." In *Upchurch v. State*, 703 S.W.2d 638, 640 (Tex.Crim.App. 1985) the Court of Criminal Appeals in an en banc decision stated:

> The distinction between unnecessary matter that must be proven, and that which is surplusage requiring no proof, is thus: When the unnecessary matter in the charging instrument describes an es- . sential element of the offense, the unnecessary matter must be proven at trial. Where it does not describe an esential element, it need not be proven.

Since the excess language clearly describes the "essential element" of confining an animal in a cruel manner, it was incumbent upon the State to prove that the ventilation was inadequate. Furthermore, the State, whether relying upon circumstantial evidence or direct evidence, was required to prove each element of its case beyond a reasonable doubt. *Crocker v. State*, 573 S.W.2d 190, 207 (Tex.Crim.App.1978).

The standard of review, in both direct and circumstantial evidence cases, is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 316–17, 99 S.Ct. 2781, 2787– 88, 61 L.Ed.2d 560, 572 (1979); *Chambers v. State*, 711 S.W.2d 240, 245 (Tex.Crim.

App.1986). The only evidence presented with respect to the ventilation was that the windows of the automobile were left open approximately an inch and one-half on each side and that it was hot inside the car. This evidence is clearly insufficient, as the circumstances do not exclude every reasonably hypothesis except the guilt of appellant. *Chambers*, 711 S.W.2d at 245; *Moore v. State*, 640 S.W.2d 300, 302 (Tex. Crim.App.1982). I would sustain appellant's first point of error.