COURT OF APPEALS

                                                 SECOND DISTRICT
OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-08-329-CR

 

 

RONNIE DURANT DEAVER                                                               APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

          FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                                       ------------

 

                                                      OPINION

 

                                                       ------------

Appellant
Ronnie Durant Deaver appeals his conviction for possession of child
pornography.  In one issue, he argues
that his trial counsel provided him with ineffective assistance because they
failed to challenge the admissibility of the video that contained the
pornography.  We affirm.








Background Facts

On
the morning of February 27, 2007, Fort Worth Police Officer Joe Shipp learned
that a fourteen-year-old girl named K.B.[1]
ran away from her mother=s home in Pasadena, Texas
two days earlier and that her mother believed that she was at Deaver=s
home in Fort Worth.[2]  Officer Shipp obtained Deaver=s
phone number, his address, and a detailed description of his truck, and then
Officer Shipp went to Deaver=s
home.  Deaver=s
front porch lights were on, and a television was on inside his home, but no one
answered when Officer Shipp knocked on Deaver=s
door.  Officer Shipp initially stayed at
the home for approximately two hours, and on his way back to the home later
that day, he saw Deaver driving his truck away from the home.








Deaver
pulled into a convenience store, and when Officer Shipp walked up to Deaver=s
truck, he saw two children inside and discovered that one of them was K.B. and
the other one was E.D.  Officer Shipp saw
Deaver place a cell phone in the center console of the truck.  Officer Shipp then detained Deaver in the
back of his patrol car to investigate the offense of harboring a runaway.  Deaver told Officer Shipp that he was trying
to remove K.B. from an abusive relationship and that he did not know why he had
not called the police. He also told Officer Shipp that he was asleep while
Officer Shipp waited at his home for two hours, but when Officer Shipp said
that he saw Deaver=s bed inside the home (which
Deaver was apparently not lying on), Deaver said that he Adidn=t
know why he didn=t answer the door.@  At that time, because Officer Shipp
determined that Deaver was answering his questions falsely and because K.B. was
with Deaver, he placed Deaver under arrest for harboring a runaway.








Because
Officer Shipp concluded that K.B. needed to return to her mother in Pasadena
and that there was no one available to take care of E.D., he asked Deaver for a
number that Officer Shipp could use to contact E.D.=s
mother (Deaver=s
ex-wife) so that she could come pick up E.D. 
Deaver said that he did not know the number, so Officer Shipp gave
Deaver his cell phone from the truck to find it.  Officer Shipp eventually retrieved Deaver=s
phone and saw child pornography on it, and then Fort Worth Police Detective
Sherry Kelly told Officer Shipp to transport Deaver and both girls to her
office.[3]  Detective Kelly spoke with K.B. for about an
hour, and then she spoke with Deaver. 
K.B. apparently told Detective Kelly about a sexual relationship with
Deaver.  Deaver denied having such a
relationship but told Detective Kelly about other aspects of his relationship
with K.B. and her mother, Audrey (or AAuddie@),[4]
and he told Detective Kelly, among other things, that he had visited K.B. and
Audrey the previous weekend, that K.B. and Audrey had a strained relationship,
and that K.B. had put some videos on his cell phone but that he did not know of
any pornographic videos on his phone.

Eventually,
Detective Kelly obtained a warrant to search Deaver=s
cell phone.  Fort Worth Police Detective
Troy Lawrence, who testified as an expert for the State at trial, received the
warrant and extracted videos from the phone, including the fifteen-second
pornographic video at issue in this caseCcreated
one night in January 2007Cof K.B. Aexposing
her unclothed breasts and genitalia.@[5]  K.B., Audrey=s
older daughter named Maygan, and E.D. were in the room in Audrey=s
apartment when the video was created.








In
December 2007, a Tarrant County grand jury indicted Deaver with possession of
child pornography.  See Tex. Penal
Code Ann. '
43.26(a) (Vernon 2003).[6]  The parties filed various pretrial documents,
and then Deaver=s trial began in September
2008.  Two attorneys appeared as Deaver=s
counsel.  After the jury found Deaver
guilty and heard evidence during the punishment phase of the trial about
various aspects of his background, it assessed six-and-a-half years=
confinement.  Deaver filed his notice of
appeal.

Ineffective Assistance of Counsel

In
one issue, Deaver argues that his trial counsel were ineffective under the
Texas and federal constitutions because they did not object to the admission of
the video extracted from Deaver=s
cell phone on the basis of an allegedly unconstitutional search of the phone.[7]  Specifically, Deaver contends that his
counsel were required to use all legal means to have the video suppressed and
that the evidence clearly indicates that Officer Shipp searched his cell phone
to find the video and did not have a warrant or any other legal justification
to do so.

Standard of review and
applicable law








The
standard for ineffective assistance of counsel is the same under the Texas and
federal constitutions.  Hernandez v.
State, 726 S.W.2d 53, 56B57
(Tex. Crim. App. 1986); Lemmons v. State, 75 S.W.3d 513, 526 (Tex. App.CSan
Antonio 2002, pet. ref=d).  To establish ineffective assistance of counsel,
Deaver must show by a preponderance of the evidence that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s
deficiency, the result of the proceeding would have been different.  See Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62B63
(Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999).

In
evaluating the effectiveness of counsel under the first prong, we look to the
totality of the representation and the particular circumstances of each
case.  Thompson, 9 S.W.3d at
813.  The issue is whether counsel=s
assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688B89,
104 S. Ct. at 2065.

Review
of counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel=s conduct fell within a wide
range of reasonable representation.  Salinas,
163 S.W.3d at 740; Mallett, 65 S.W.3d at 63.  A reviewing court will rarely be in a
position on direct appeal to fairly evaluate the merits of an ineffective
assistance claim.  Thompson, 9
S.W.3d at 813B14.  AIn
the majority of cases, the record on direct appeal is undeveloped and cannot
adequately reflect the motives behind trial counsel=s
actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).








To
overcome the presumption of reasonable professional assistance, Aany
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.@  Id. (quoting Thompson, 9 S.W.3d
at 813).  It is not appropriate for an
appellate court to simply infer ineffective assistance based upon unclear
portions of the record.  Mata v. State,
226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

The
second prong of Strickland requires a showing that counsel=s
errors were so serious that they deprived the defendant of a fair and reliable
trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.  In other words, Deaver must show there is a
reasonable probability that, but for his counsel=s
unprofessional errors, the result of the proceeding would have been different. See
id. at 694, 104 S. Ct. at 2068.  A
reasonable probability is a probability sufficient to undermine confidence in
the outcome.  Id.  The ultimate focus of our inquiry must be on
the fundamental fairness of the proceeding in which the result is being
challenged.  Id. at 697, 104 S.
Ct. at 2070.








To
succeed on his ineffective assistance claim based on counsel=s
alleged failure to attempt to suppress evidence, Deaver must rebut the
presumption of proper police conduct and prove that a motion to suppress would
have been granted.  See Jackson v.
State, 973 S.W.2d 954, 956B57
(Tex. Crim. App. 1998) (affirming the appellant=s
conviction when the facts surrounding the search were not sufficiently
developed) (citing Jackson v. State, 877 S.W.2d 768 (Tex. Crim. App.
1994)); see also Ortiz v. State, 93 S.W.3d 79, 93 (Tex. Crim. App.
2002), cert. denied, 538 U.S. 998 (2003).  In other words, A[t]o
prevail on his claim of ineffective assistance of counsel[,] [Deaver has] the
burden to develop facts and details of the search sufficient to conclude that
the search was invalid,@ and mere Aquestions
about the validity of the search@ are
not enough.  Jackson, 973 S.W.2d
at 957; see Lesso v. State, 295 S.W.3d 16, 21 (Tex. App.CHouston
[1st Dist.] 2009, pet. ref=d);
Hollis v. State, 219 S.W.3d 446, 456 (Tex. App.CAustin
2007, no pet.) (reiterating that the appellant has the burden of developing
facts about the search). 

Analysis

Deaver=s
contention that his trial counsel should have moved to suppress the cell phone
video because it was discovered during an allegedly unauthorized search is, of
course, dependent on his establishing that a search in fact occurred.  See Jackson, 973 S.W.2d at 957.  The State asserts, in part, that the record
does not provide sufficient evidence that Officer Shipp searched Deaver=s
phone.  We agree with the State.








A Asearch@ occurs
when an expectation of privacy that society is prepared to consider reasonable
is infringed.  Kyllo v. United States,
533 U.S. 27, 33, 121 S. Ct. 2038, 2042 (2001); United States v. Jacobsen,
466 U.S. 109, 113, 104 S. Ct. 1652, 1656 (1984).  If an item is in plain view, neither its
observation nor its seizure involves any invasion of privacy.  Hill v. State, 303 S.W.3d 863, 873 (Tex.
App.CFort
Worth 2009, pet. ref=d); see Walter v. State,
28 S.W.3d 538, 541 (Tex. Crim. App. 2000); see also McCall v. State, 540
S.W.2d 717, 720 (Tex. Crim. App. 1976) (stating that it Ais
simply not a search to observe that which is open to view@); Duhig
v. State, 171 S.W.3d 631, 636B37
(Tex. App.CHouston
[14th Dist.] 2005, pet. ref=d)
(explaining that a Asearch implies a prying into
hidden places for that which is concealed@ and
holding that a plain-view observation of marijuana and drug paraphernalia was
not a search).

The
rationale of the plain view doctrine is that if contraband is in open view and
is observed by a police officer from a lawful vantage point, there has been no
invasion of a legitimate expectation of privacy and thus no Asearch@
within the meaning of the Fourth Amendment. 
Hill, 303 S.W.3d at 873; see Illinois v. Andreas, 463 U.S.
765, 771, 103 S. Ct. 3319, 3324 (1983). 
An object is seized in plain view if three requirements are met.  Hill, 303 S.W.3d at 873; see Keehn
v. State, 279 S.W.3d 330, 334 (Tex. Crim. App. 2009). First, law
enforcement officials must lawfully be where the object can be Aplainly
viewed.@  Keehn, 279 S.W.3d at 334 (citing Horton
v. California, 496 U.S. 128, 136, 110 S. Ct. 2301, 2311 (1990)). Second,
the Aincriminating
character@ of
the object in plain view must be Aimmediately
apparent@ to
the officials.  Id.  Third, the officials must have the right to
access the object.  Id.

Officer
Shipp=s
testimony during the State=s
direct examination at trial concerning what happened when he gave Deaver=s
cell phone to Deaver to find E.D.=s
mother=s
number is as follows: 

Q.      And
at that point what did he do?

 

A.      He
said he was going to get me the phone number so I could contact the
mother.  He started punching the buttons
on it like what I thought was scrolling through a phone list to get a phone
number.  This went on for about 45
seconds.

 








Q.      Okay.  Did you become concerned that something was
being deleted or making contact?  Were
you concerned?

 

A.      Yes,
ma=am.  I -- I looked back there and it looked --
when someone is going through a phone list, they are hitting a phone list over
and over and over, and he was hitting multiple buttons. . . .

 

. . . .

 

A.      At
that point I was afraid he may have been making a text message to someone in
regards to, AI=m being arrested@ or something like
that, looking for outside help.  So for
officer safety reasons, I went to get the phone from him.[[8]]


 

Q.      When
you got the phone back, did you discover there were images on the phone?

 

A.      Yes, ma=am.[[9]]
[Emphasis added.]

As can be seen, this
evidence does not explicitly reveal what actions Officer Shipp took, if any,
between the time that he regained control of Deaver=s
phone and the time that he discovered pornography on the phone.  








Detective
Lawrence and Deaver=s expertCDaniel
FitzgeraldCtestified
that there is no pornography on the first frame of the video at issue, so the
pornographic nature of the video would not be immediately discernable if
someone was just scrolling through the various videos on Deaver=s
phone.  In other words, to find that the
video contains pornography, it must actively be played.  Deaver asserts that this is evidence that
Officer Shipp could not have seen the pornographic video without searching the
phone to play the video.  But the
evidence does not preclude the possibility that Deaver played the videoCadvertently
or inadvertently (for instance, while trying to delete the video before giving
the phone back to Officer Shipp, as the State theorizes)[10]
Cand
that Officer Shipp immediately saw the video playing upon retrieving the phone
from Deaver.  The experts could not  testify that Officer Shipp searched Deaver=s
phone because they were not present when Officer Shipp saw the child
pornography.  The crux of the experts=
testimony is only that the cell phone video had to be played to see
pornography; the experts could not determine who played the video.








If
Officer Shipp was initially justified in gaining control over Deaver=s
phone for safety reasons (Deaver has not argued that he was not), and if Officer
Shipp immediately saw the pornographic video upon controlling the phone (as may
or may not have happened based on the limited, unclear record),[11]
then a motion to suppress would not have succeeded because the video was in
plain view, no invasion of Deaver=s
privacy could be shown, and no search could have therefore occurred.  See Keehn, 279 S.W.3d at 334; Walter,
28 S.W.3d at 541; Hill, 303 S.W.3d at 873.  Because Deaver therefore cannot demonstrate,
on this ambiguous record, that his counsel=s motion
to suppress would have been successful, we overrule his sole issue of
ineffective assistance.  See
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Jackson, 973 S.W.2d
at 956B57; see
also Mata, 226 S.W.3d at 432 (explaining that we cannot infer ineffective
assistance from unclear portions of the record).

Conclusion

Having
overruled Deaver=s only issue, we affirm the
trial court=s
judgment. 

 

TERRIE LIVINGSTON

CHIEF JUSTICE

 

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MCCOY, JJ.

 

DAUPHINOT,
J. filed a concurring opinion.

 

PUBLISH

 

DELIVERED:  April 22, 2010
















 
 
 
 
 
 
 




 

 

 

 

 

 

                                                COURT OF APPEALS

                                                 SECOND DISTRICT
OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-08-329-CR

 

 

RONNIE DURANT DEAVER                                                               APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

          FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                                       ------------

 

                                        CONCURRING OPINION

 

                                                       ------------








The
only evidence before this court is that the State and the defense experts
viewed the pornographic images at the same time.  There is no evidence that Officer Shipp ever
viewed pornographic images, only images. 
Officer Lawrence viewed the contents of the cell phone pursuant to a
search warrant, which was never challenged. 
I would therefore hold that the record is inadequate to show that trial
counsel rendered ineffective assistance of counsel.  Trial counsel had no opportunity to explain
his trial strategy, but it is certainly reasonable that a lawyer would not want
to call the jury=s attention to the existence
of pornography when the State had not proved its existence.  Nor did trial counsel have the opportunity to
explain his strategy regarding the absence of a motion to suppress.  But it is reasonable trial strategy to wait
until trial to object to evidence because the State has no appeal of an
evidentiary ruling made during trial.

Because
the trial record is inadequate to support a claim of ineffective assistance of
counsel, I would not assume what the record does not clearly reflect.  I therefore concur in the result only.

 

 

LEE
ANN DAUPHINOT

JUSTICE

 

PUBLISH

DELIVERED:  April
22, 2010











[1]To protect the
privacy of the individuals involved in this appeal who are minors, we identify
them by initials only.





[2]Deaver and his six-year-old
daughter, E.D., had visited K.B. and her mother the month before.





[3]More details about
the discovery of child pornography on Deaver=s phone are set forth below.





[4]Deaver met Audrey on
a telephone chat line a few years before his arrest in this case.  Audrey sometimes watched E.D. for Deaver
before Audrey and K.B. moved to Pasadena. 
Once they moved to Pasadena, Deaver and E.D. visited them about once a
month.





[5]Deaver has not contested
on appeal that the video at issue contained child pornography, that it came
from and was recorded by his cell phone, or that he knew that the video was
stored on his phone.





[6]Possession of child
pornography is a third-degree felony that carries a punishment range of two to
ten years= confinement.  Tex. Penal Code Ann. '' 12.34(a),
43.26(d) (Vernon 2003).





[7]After a voir dire
examination of the State=s witness, Deaver=s counsel objected to
the video=s admission on
nonconstitutional grounds, including the video=s alleged
noncompliance with the best evidence rule.





[8]Deaver has not
contested the legal justification of Officer Shipp=s retrieval of Deaver=s cell phone for
officer safety reasons or his counsel=s trial strategy or conduct with respect to
that retrieval.





[9]The State concedes
that the Aimages@ that Officer Shipp
saw were pornographic.  Although the
record does not explicitly state that Officer Shipp saw pornography on Deaver=s cell phone, the
record does reveal that after seeing the Aimages@ on Deaver=s phone, Officer Shipp seized the phone and
directed dispatch to call the Crimes Against Children Unit.  Detective Kelly, who was assigned to that
unit, told officers to transfer Deaver, E.D., and K.B. to the unit in separate
vehicles because she had concerns of Aadditional abuse@ involving K.B. that
were unrelated to her being a runaway. 
Detective Kelly then asked Deaver about nude images of K.B. during
Deaver=s interrogation.





[10]The evidence showed
that Deaver=s cell phone saved
videos in numerical sequential order. 
The pornographic video at issue was AVideo 002.@ Video 001 (which had undeterminable content)
was not on the phone when Officer Shipp regained control of it.





[11]Officer Shipp might
in fact have found the video while combing through all parts of Deaver=s phone upon gaining
control of it to look for evidence regarding the harboring of a runaway
offense, to relieve his safety concerns, or for other reasons.  However, the record at trial is simply too
undeveloped to prove that this occurred. 
See Jackson, 973 S.W.2d at 956B57.